■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE IZYDORCZAK, JR., Appellant. — Judgment unanimously affirmed. Memorandum: On appeal from a judgment upon conviction of assault in the second degree (Penal Law, § 120.05, subd 2), defendant contends that the trial court abused its

discretion in receiving into evidence three photographs, taken in a hospital emergency room, which depict head lacerations the victim suffered. Defendant also contends that the photographs should not have been admitted because the People did not produce them until after the trial had commenced. We disagree.

Photographic evidence should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant (see *People v Pobliner,* 32 NY2d 356, 369-370, cert den 416 US 905). That was not the case here. The photographs were not gory and were probative of whether the defendant caused physical injury to the victim, an element the People were required to prove to sustain the charge of assault. On this record, we conclude that there was no abuse of discretion by the trial court in admitting the photographs in evidence (see *People v Bell,* 63 NY2d 796; *People v McKown,* 71 AD2d 730, 731).

Although defendant was clearly entitled to production of the photographs in question (see CPL 240.20, subd 1, par [d]), defendant acknowledges that the prosecutor was unaware of the photographs (originally believed to have been lost) until shortly before trial and did not obtain possession of them until after the trial had commenced (see *People v Mayers,* 100 AD2d 558, 559). The trial court, in response to defense counsel's objection, offered a continuance (see CPL 240.70, subd 1). Under these circumstances, we conclude that defendant was not denied due process of law (see *People v Napierala,* 90 AD2d 689). (Appeal from judgment of Genesee County Court, Morton, J. — assault, second degree.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.