■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDY DAVID, Appellant.—Appeal by the defendant from a

judgment of the County Court, Rockland County (Meehan, J.), rendered July 23, 1986, convicting him of criminal mischief in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the conviction of criminal mischief in the third degree to one of criminal mischief in the fourth degree; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Rockland County, for resentencing.

In order to convict the defendant of criminal mischief in the third degree under Penal Law § 145.05, the People had to prove beyond a reasonable doubt that the damage to the victim's property exceeded $250. Here the People's evidence concerning the amount of damage was insufficient. The defendant installed a hot water heater in the victim's home and was paid for this work. Subsequently, the defendant performed additional work for the victim unrelated to the installation of the hot water heater and, when the victim refused to pay for this additional work, the defendant cut the pipes to the hot water heater and removed it from the house, placing it on his truck. The police were summoned and, when they arrived, the defendant removed the water heater from his truck, possibly causing damage to it in the process.

The jury could have concluded that the victim's property was damaged in two respects. Since the victim had fully paid for the hot water heater, the defendant caused damage when he cut the pipes and removed the water heater from the house. In addition, the water heater itself was damaged when it was removed from the defendant's truck. However, at the trial, the People did not adduce any proof of the monetary amount of the damages to the water heater. The People presented evidence that to install a new water heater comparable to the one that the defendant had originally installed cost $355, but this amount included the cost of the new water heater. Since there is no evidence in the record of the amount of damages to the water heater, we may only consider the damage to the defendant's property in removing the water heater from the house, which is the cost of installing the water heater only and does not include the cost of the new heater. Here, the defendant testified that he billed the victim $234 for the cost of the water heater that he originally installed, and the People's witness testified that the two water heaters were comparable in value. Using this figure for the cost of the water heater, the jury could only conclude that the cost for installation alone was about $120, below the $250 required by the statute.

Although the conviction for criminal mischief in the third degree cannot stand, the evidence was sufficient to support the jury's determination that the defendant had intentionally damaged the property of another. Accordingly the defendant is guilty of criminal mischief in the fourth degree under Penal Law § 145.00 (1), since the distinction between these two charges is the monetary element contained in Penal Law § 145.05. We have considered the defendant's other contentions and find them to be unpreserved for our review or without merit. Mangano, J. P., Niehoff, Sullivan and Harwood, JJ., concur.