(May 9, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOANN MINOR, Also Known as JO ANN MINOR, Also Known as JOANNE MINOR, Appellant.—Judgment, Supreme Court, New York County (Stephen Crane, J.), rendered January 28, 1987, which, after jury trial, convicted defendant of burglary in the second degree and sentenced her to a prison term of 4 to 8 years, unanimously modified, on the law, to reduce the convic-

tion to criminal trespass in the second degree and remand for resentencing, and otherwise affirmed.

On the afternoon of September 5, 1986, defendant, carrying a black bag, was walking from rooftop to rooftop along a series of buildings on West 81st Street, lifting the skylight of each building and looking down. Eventually, she descended through one of the skylight hatches. She was observed in this activity by a citizen who was looking out of his window in a nearby high-rise building. The citizen telephoned the police who responded to the scene and 10 minutes later found defendant, who met the informant's description, exiting the vestibule of 132 West 81st Street carrying a black bag. The police summoned the informant, who came to the scene and identified the defendant as the person whom he had seen walking on the rooftops. Defendant was arrested and a search of the black bag revealed only a Walkman radio which belonged to defendant. The police inspected the roof of 132 West 81st Street and found no damage to the skylight, nor did they find signs of a break-in to any of the apartments located in the building.

Based on this evidence, the jury convicted defendant of the crime of burglary in the second degree, which is committed when a person "knowingly enters or remains unlawfully in a building with intent to commit a crime therein" and such building is a dwelling. (Penal Law § 140.25 [2].) In order to support the conviction for burglary, therefore, there must be proven facts, or inferences that can reasonably be drawn therefrom, from which the jury could conclude beyond a reasonable doubt that defendant intended to commit a crime within the building. (See, e.g., People v Barnes, 50 NY2d 375.) However, on this record, no factor is present from which a reasonable inference of intent to commit a crime can be drawn. There was no evidence of forcible entry into the building since the skylight was admittedly undamaged. Nor was there any evidence that any of the individual apartments were broken into or ransacked. Moreover, when defendant was arrested and searched immediately upon exiting the building, no burglar's tools or stolen property were found in her possession. Accordingly, the evidence is insufficient to establish this critical element of the crime of burglary, and defendant's conviction for that crime cannot stand and must be reduced to criminal trespass. Concur—Murphy, P. J., Carro, Milonas and Ellerin, JJ.