■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR COLON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered February 17, 1988, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the conviction of burglary in the third degree to criminal trespass in the third degree, and vacating the sentence imposed; as so modified, the judgment is affirmed.

We find that the evidence was insufficient to support the defendant's conviction of burglary in the third degree as there was no evidence, or inferences which could reasonably be drawn therefrom, from which the jury could conclude beyond a reasonable doubt that the defendant intended to commit a crime within the building (see, People v Minor, 150 AD2d 182). In addition, there was no evidence to indicate that the defendant had the tools or equipment necessary to force open the front door or to bend upward the protective gates of the shop, nor were any burglar's tools found in the defendant's possession (cf., People v Mitchell, 151 AD2d 699). Furthermore, no evidence was presented to negate the defendant's contention that he crawled under the gates and entered the premises to get out of the cold (People v Howard, 163 AD2d 533).

Because the evidence is legally insufficient to establish the critical element of the intent to commit a crime, the defendant's conviction for burglary in the third degree cannot stand and must be reduced to criminal trespass in the third degree. Since the defendant has already served the maximum sentence which could be imposed for criminal trespass in the

third degree, the matter is not remitted for resentencing. Thompson, J. P., Lawrence, Harwood and O'Brien, JJ., concur.