■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYSON DETWILER, Appellant.—Judgment unanimously modified on the law and as modified affirmed in accordance with

the following Memorandum: County Court erred in resubmitting the assault and weapon counts to the jury *(see,* CPL 310.50 [2]). Under the circumstances of this case, the jury's initial verdict finding defendant guilty of assault in the second degree (Penal Law § 120.05 [2]) and not guilty of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]) was not inconsistent. Viewing the proof adduced at trial in light of the elements of each offense as charged by the court *(see, People v Loughlin,* 76 NY2d 804, 806), we conclude that the jury reasonably could have found that defendant's initial possession of the ice pick was without the intent to use it unlawfully against the victim *(see, People v Jordan,* 175 AD2d 649, 650, *lv denied* 78 NY2d 1128). Thus, we modify the judgment by reversing defendant's conviction of criminal possession of a weapon in the fourth degree, vacating the sentence imposed thereon and dismissing count two of the indictment.

Although we also find that County Court erred in charging Penal Law § 35.25, that error was harmless. In view of the compelling evidence against defendant, at least on those counts connected with the incident of June 22, 1990 to which the charge arguably pertained, there was no significant probability that the jury would have acquitted defendant but for the error *(see, People v Crimmins,* 36 NY2d 230, 241-242).

We reject defendant's contention that his assault conviction was against the weight of the evidence. Notwithstanding the inconsistencies between the victim's trial testimony and his earlier statement, his testimony was not incredible as a matter of law *(see, People v Walker,* 155 AD2d 916, *lv denied* 75 NY2d 819). At best, the victim's testimony presented a question of credibility for the jury to resolve. Its resolution of that issue was not contrary to the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495; *see also, People v Shedrick,* 104 AD2d 263, 274, *affd* 66 NY2d 1015, *rearg denied* 67 NY2d 758).

Viewing the evidence in a light most favorable to the People *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932; *People v Contes,* 60 NY2d 620), we conclude that it was sufficient to provide a valid line of reasoning to sustain the convictions for assault and criminal mischief in the third degree *(see, People v Bleakley, supra,* at 495). Concerning the latter, we find the receipt for the four replacement tires to be sufficient proof to meet the statutory threshold of value *(see, People v Hoppe,* 184 AD2d 582). Although the evidence offered to prove that defendant committed the offense of August 18,

1989 was circumstantial, viewed in the light most favorable to the prosecution *(see, People v Kennedy,* 47 NY2d 196, 203), the evidence excluded to a moral certainty every reasonable hypothesis other than guilt *(see, People v Betancourt,* 68 NY2d 707, 709-710; *People v Kennedy, supra; People v Benzinger,* 36 NY2d 29, 32; *People v Howington,* 185 AD2d 654; *People v Ward,* 178 AD2d 994, *lv denied* 79 NY2d 954).

Defendant has failed to preserve his contention that the court erred in its charge on reasonable doubt *(see,* CPL 470.05 [2]; *People v Demott,* 178 AD2d 935, 936, *lv denied* 79 NY2d 946, and cases cited therein). We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Assault, 2nd Degree.) Present—Callahan, J. P., Boomer, Pine, Fallon and Doerr, JJ.