■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN McCREA, Also Known as EDWARD BERRY, Appellant. [600 NYS2d 84] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered July 8, 1991, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to present legally sufficient evidence establishing that he entered the complainant's dwelling with the requisite intent to commit a crime therein *(see,* Penal Law § 140.25 [2]). The defendant failed, however, to raise this contention in his motion to dismiss at the close of the People's case, and, accordingly, the issue has not been preserved for appellate review *(see, People v Randolph,* 158 AD2d 722, 723). In any event, we find that, viewing the evidence in a light most favorable to the People, it was legally sufficient to support the defendant's conviction *(see, People v Contes,* 60 NY2d 620, 621; *People v Barnes,* 50 NY2d 375, 381).

The evidence established that on December 11, 1990, at about 12:00 noon, the defendant unlawfully entered an enclosed porch area of the complainant's dwelling through a

locked door. The complaining witness testified that her attention was drawn to the unlawful entry when she heard noises in the enclosed porch area, and noticed the defendant lift up the blinds on a door separating the porch from the rest of the house. She promptly called the police, as her husband confronted the defendant and began arguing with him. When the police arrived, the complainant's husband and the defendant were standing in the street in front of the house. The complainant's husband shouted to the police indicating that the defendant had just run out of the house. The police pursued the defendant in their patrol car as he ran down the block. After going approximately 50 yards, the police continued the pursuit on foot and apprehended the defendant. They recovered a screwdriver from his pocket.

The porch was being used as an office by the complainant's husband and he stored camera equipment and audio tapes there. The complainant testified that her husband kept this property stored on shelves in a particular way, and that various items had been moved. The complainant acknowledged that two other people used the front door that morning —her nine-year-old son when he left for school, and a home care attendant for her great-aunt who lived in the house. However, the complainant said she had walked through the porch that morning and observed that all the property was where it was supposed to be until after the defendant's unlawful entry.

The defendant testified at trial. He admitted that he entered the premises without the owner's permission, but said he had done so to panhandle for some money, or to request a job. He testified that the front door was partly open, so he simply walked in, and tapped lightly on the interior door. He allegedly waited a few moments without getting a response and had turned to leave when the complainant and her husband burst through the glass door, and started yelling at him. He said that he attempted to explain his reason for being there but the husband was extremely agitated, and threatened him. He also said that he panicked and ran out, but he insisted that he never touched or moved any property on the porch. He also admitted that he gave the police a false name when he was arrested.

In our view, the conflicting evidence adduced during the trial presented a question of credibility to be resolved by the jury.

The defendant's contention at trial that he had entered the premises to panhandle or request a job was rejected by the

jury. The jury could properly infer that the defendant's entry without the owner's permission was with the intent to commit a crime therein (see, People v Barnes, supra; People v Mackey, 49 NY2d 274, 279; People v Ryan, 180 AD2d 769; People v Minore, 110 AD2d 661). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Rosenblatt, J. P., Ritter and Pizzuto, JJ., concur.

Santucci, J., concurs in part and dissents in part, and votes to modify the judgment, on the facts as a matter of discretion, in the interest of justice, by reducing the defendant's conviction of burglary in the second degree to a conviction of criminal trespass in the second degree, and vacating the sentence imposed thereon, and as so modified, to affirm the judgment, with the following memorandum: I must respectfully dissent. I find the jury's verdict to be based on legally insufficient evidence, and to be against the weight of the evidence. The defendant was indicted on one count of burglary in the second degree (see, Penal Law § 140.25), one count of criminal trespass in the second degree (Penal Law § 140.15), and one count of possession of burglar's tools (Penal Law § 140.35).

A necessary element of the burglary count was "intent to commit a crime" within the premises illegally entered (Penal Law § 140.25). The complainant testified that the defendant was illegally within the glass-enclosed front porch area of her dwelling. While the complainant testified that the front door to the porch had been locked, she admitted that people had been going in and out of the door. Further, while certain objects on the front porch had been moved, none were taken and the complainant never saw the defendant touch them. After the defendant lifted the blinds over the window separating the porch from the rest of the house, the complainant's husband confronted the defendant, who argued with the complainant's husband and then fled. The complainant then called the police, who arrived and arrested the fleeing defendant. The defendant testified that he saw the complainant enter the house and knew that the complainant and her husband were home. He entered the porch and tapped on the interior window and door in order to gain their attention so that he could ask for a handout or an odd job. He tried to explain his purpose to the complainant's husband and fled only after the complainant's husband threatened his life. The arresting officer testified that he arrested the defendant and found a small Phillips-head screwdriver on the defendant's person.

Although the defendant's contention that the evidence was legally insufficient was unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245), I find that the evidence, viewed in the light most favorable to the prosecution *(see, People v Lewis,* 64 NY2d 1111), is insufficient to establish beyond a reasonable doubt that the defendant possessed the requisite intent to commit a crime in the complainant's home *(see, People v Colon,* 169 AD2d 835; *People v Minor,* 150 AD2d 182). While the defendant entered the complainant's home illegally, and the jury could have found that he forced the porch door, the defendant did not flee immediately upon discovery. Nor did he in any way threaten the complainants. Instead, he attempted to speak with the complainant's husband—an action not inconsistent with innocent intent. The defendant was not in possession of any stolen property, and although a screwdriver was found on his person by the arresting officers, the jury found that it was not a burglar's tool and acquitted him of that charge.

The only other circumstantial evidence that could have given rise to an inference of intent was that the defendant lied to the arresting officers about his name. However, the defendant had a record of felony convictions, and could have had many reasons for concealing his identity, including simple fear *(see, People v Moses,* 63 NY2d 299, 308).

The evidence is, however, sufficient to support a conviction of criminal trespass in the second degree *(see,* Penal Law § 140.15). I would therefore reduce the defendant's burglary conviction accordingly *(see, People v Minor, supra).* Since the defendant has already served the maximum term of imprisonment for a class A misdemeanor, I would not remit the matter for resentencing *(see, People v Minor, supra).*