■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER D. KATOVICH, Appellant. [656 NYS2d 499] —Mercure, J. Appeal from a judgment of the County Court of Ulster County

(Bruhn, J.), rendered July 31, 1995, upon a verdict convicting defendant of two counts of the crime of criminal mischief in the third degree.

On April 30, 1994 defendant went to James Goetschins' residence in the Town of Lloyd, Ulster County, and repeatedly fired a shotgun at two of Goetschins' vehicles, a brown 1979 Chevrolet Camaro and a blue 1979 Chevrolet Camaro. Defendant was indicted for two counts of criminal mischief in the third degree and was convicted of both counts following a jury trial. Defendant now appeals.

Initially, we reject defendant's primary contention, that the prosecution failed to present legally sufficient evidence to establish that he caused damage of $250 to each of the vehicles (*see*, Penal Law § 145.05). This Court has held that on a prosecution for criminal mischief "it is sufficient to define value in terms of the cost of repair of the property, so long as the property is repairable" (*People v Simpson*, 132 AD2d 894, 895, *lv denied* 70 NY2d 937; *see*, *People v Ladd*, 220 AD2d 849, *lv denied* 87 NY2d 923; *People v Daniels*, 180 AD2d 567, *lv denied* 80 NY2d 829). Here, the People presented the testimony of a professional body shop owner and auto dealer to the effect that each of the vehicles had a value of $1,200 to $1,500 prior to the incident and that the cost of repair of the shotgun damage would be $1,355.06 for the blue Camaro and $2,165.80 for the brown Camaro, thus permitting a finding that each vehicle was damaged in the amount of $1,200 or more. Moreover, were we to accept defendant's argument that the People were required to come forward with competent evidence of the value of the vehicles following the incident, the People satisfied that burden with Goetschins' testimony as to the respective sale prices of $900 and $500 following repair of the damage.

Also unavailing is the contention that reversal is mandated by virtue of the People's failure to make pretrial disclosure of a photograph of the blue Camaro. The record indicates that the photograph, which we conclude was of limited evidentiary value, was found on a forgotten roll of undeveloped film and was provided to defendant promptly after it was discovered and made available to the prosecution. Defendant sought no continuance and had an adequate opportunity to examine the photograph prior to cross-examination of Goetschins (*see*, *People v Izydorczak*, 107 AD2d 1050, 1051, *lv denied* 67 NY2d 652). In fact, defendant was able to take advantage of the disclosure by offering several of the photographs on the roll of film, which were received in evidence without objection.

Cardona, P. J., Casey, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.