OPINION OF THE COURT
 

 Memorandum.
 

 The order of the County Court should be modified to the extent of dismissing the accusatory instrument charging criminal mischief in the fourth degree and remitting to Town Court for resentencing and, as so modified, affirmed.
 

 In the midst of a dispute with her neighbor over the border of their properties, defendant pulled a marker stake from the ground and threw it several feet, after a surveyor hired by the neighbor had positioned the stake on the property line separating the two lots. As a result of her actions, and her behavior toward a Sheriff’s deputy who had earlier been called to the scene, defendant was charged with criminal mischief in the fourth degree, disorderly conduct and resisting arrest. A Town Court jury convicted defendant of criminal mischief in the fourth degree and disorderly conduct. County Court affirmed the judgment of the trial court, and a Judge of this Court granted defendant leave to appeal.
 

 Defendant argues that the criminal mischief conviction must be reversed and the charge against her dismissed because
 
 *949
 
 Penal Law § 145.00 requires proof of damage to tangible property in order to sustain a conviction. Because there was insufficient evidence of any damage, we agree that the charge of criminal mischief in the fourth degree must be dismissed.
 

 In order for a defendant to be found guilty of criminal mischief in the fourth degree, the People must prove that defendant intentionally damaged the property of another person without the right to do so or reasonable grounds to believe that she had such a right (Penal Law § 145.00 [1]). While the extent of damage necessary to sustain a conviction for fourth degree criminal mischief is slight, some amount of damage is required (see,
 
 People v David,
 
 133 AD2d 277, 279;
 
 Cherno v Bank of Babylon,
 
 54 Misc 2d 277, 279,
 
 affd
 
 29 AD2d 767). However, on this record, proof of damage is completely lacking.
 

 The People adduced no evidence at trial showing that either the property demarcated by the stake, or the stake itself, was damaged by defendant’s actions. Nor did the People identify any other property during the course of the trial that was allegedly damaged.
 

 Defendant’s remaining contention, that the charge given to the jury for disorderly conduct was erroneous, lacks merit. Taken as a whole, the trial court’s charge properly defined the People’s burden with respect to that count.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order modified by dismissing the accusatory instrument charging criminal mischief in the fourth degree and remitting to North Collins Town Court for resentencing (CPL 470.20 [3]) and, as so modified, affirmed in a memorandum.