■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR CARLAJAL, Appellant. [764 NYS2d 200] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), dated October 30, 2001, convicting him of burglary in the second degree, criminal mischief in the fourth degree, and possession of burglar's tools, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the defendant's conviction of the crime of burglary in the second degree to criminal trespass in the second degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for sentencing on the conviction of criminal trespass in the second degree.

Although the defendant failed to preserve for appellate review his contention that the evidence was not legally sufficient to establish his guilt of burglary in the second degree beyond a reasonable doubt, we nevertheless reach the issue in the exercise of our interest of justice jurisdiction, since we agree with the defendant that, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), it was insufficient to establish, beyond a reasonable doubt, that the defendant had the intent to commit a crime at the time that he entered the complainant's dwelling (*see People v Colon*, 169 AD2d 835 [1991]). "Because the evidence [was] legally insufficient to establish the critical element

of the intent to commit a crime," the defendant's conviction of burglary in the second degree must be reduced to criminal trespass in the second degree (*People v Colon, supra* at 835).

In light of the foregoing, we need not reach the defendant's remaining contention. Ritter, J.P., S. Miller, Luciano and H. Miller, JJ., concur.