■ In the Matter of WILLIAM A., a Person Alleged to be a Juvenile Delinquent, Appellant. VAN CROCKETT, as Assistant County Attorney for Clinton County, Respondent. [772 NYS2d 130]—

Cardona, P.J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered April 24, 2003, as amended by an order entered May 20, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent and placed him in the custody of the Office of Children and Family Services for a period of one year.

Following a fact-finding hearing held in March 2003, Family Court found that respondent committed an act which, if committed by an adult, would constitute the crime of burglary in the third degree and, after the dispositional hearing, adjudicated him a juvenile delinquent.* Respondent contends that the proof submitted was legally insufficient to establish his commission of that crime.

When examining evidence for legal sufficiency, we must determine whether there is "any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evi-

---

* Family Court dismissed the allegation in the petition that respondent committed an act which, if committed by an adult, would constitute the crime of possession of burglar's tools.

dence at trial" and, as a matter of law, establish all the elements of the crime charged beyond a reasonable doubt (*People v Bleakley*, 69 NY2d 490, 495 [1987]). A person commits burglary in the third degree "when he [or she] knowingly enters or remains unlawfully in a building with intent to commit a crime therein" (Penal Law § 140.20). When, as here, the crime is premised upon unlawful entry, Penal Law § 140.20 "requires that intent to commit a crime in the building exist at the time of the unlawful entry" (*People v Gaines*, 74 NY2d 358, 360 [1989]). Furthermore, since petitioner's theory was limited to larceny, there must be proof beyond a reasonable doubt that respondent entered the building with the intent to steal property (*see People v Barnes* 50 NY2d 375, 379 n 3 [1980]).

Turning to the proof, petitioner produced evidence that on Sunday afternoon, February 9, 2003, Steven Biswell, pastor of the Elizabeth Street Wesleyan Church in the City of Plattsburgh, Clinton County, entered the church by unlocking a side door. Upon entering, he saw respondent standing in a hallway outside of the secretary's office. In response to an inquiry, respondent stated that "he was getting in out of the snow." When asked why he was wandering around the offices, respondent denied that he had been in the offices. Respondent gave an incorrect name and address. After that conversation, respondent stated that he had to go home and exited through a door on the side of the church opposite the one Biswell had entered. At that time, Biswell checked three places where petty cash was kept and discovered that $60 was missing from his desk drawer where he had placed it the previous day. Biswell ran out looking for respondent and saw him about a half a block up the street. He called to respondent to come back and respondent complied. Biswell watched respondent return and did not see him drop anything. He told respondent that he was missing some money and had him wait until the police arrived. After giving the police his correct name, respondent emptied his pockets, revealing a pocket knife and a curved type of knife with a big handle but no money. There was no evidence that the odd-shaped knife constituted a burglar's tool or was used to gain entry to the church.

Biswell further testified that he believed that all the doors had been locked at the time of respondent's entry, that respondent was not a member of the congregation and did not have permission to be in the church. He conceded, however, that his office was unlocked and that church services had occurred between the time that he last saw the $60 and his discovery that it was missing. He also noted that it had snowed on February 9,

2003, that the temperature was in the 20 to 30-degree range and respondent wore only tennis shoes. Biswell indicated that a couple of weeks prior to that day, he confronted respondent and a girl pulling on the front doors of the church. When questioned, they told him they were "trying to get in out of the snow because it [was] cold."

Respondent testified that on February 9, 2003, he was wearing a pair of old sneakers with holes in them. He was walking home through the snow and entered the church through an open side door because his feet were wet and cold and he wanted to warm up. He believed that churches were open to the public. He stated that he had been standing in the hallway when confronted by the pastor and denied entering any offices or taking money. He testified that he found the odd-shaped knife behind a tool shed at his sister's home and picked it up because it was "cool." He did not give the pastor his real name and address because he did not think the pastor needed to know that information. He denied seeing Biswell two weeks earlier in front of the church or pulling on the front doors.

Even if, as respondent contends, the side door was unlocked, that fact does not preclude a finding that his entry was unlawful (*see People v Terry*, 2 AD3d 977, 978 [2003]), especially when viewed with other evidence that he was not a member of the congregation, did not have permission to enter the church and entered a nonpublic area through a side door. On the other hand, such evidence did not negate respondent's contention that he entered the church to warm himself. We note that respondent immediately complied with Biswell's direction to return and was not found in possession of any stolen money. Under all the circumstances, in our view, the evidence was insufficient to permit the factfinder to draw a reasonable inference from which it could conclude beyond a reasonable doubt that respondent effectuated entry with the intent to commit larceny (*cf. People v Castillo*, 47 NY2d 270, 277 [1979]). Absent sufficient evidence "to establish this critical element of the crime of burglary" (*People v Minor*, 150 AD2d 182, 183 [1989]), the finding that he committed that crime cannot stand. However, considering all the proof, we do find that respondent committed an act which, if committed by an adult, would constitute the lesser included crime of criminal trespass in the third degree (*see* Penal Law § 140.10; *Matter of Dwight M.*, 80 NY2d 792, 793-794 [1992]; *Matter of Phoenix G.*, 265 AD2d 554, 554-555 [1999]; *People v Howard*, 163 AD2d 533 [1990], *lv denied* 76 NY2d 940 [1990]; *People v Minor, supra* at 183).

Mercure, Peters, Mugglin and Kane, JJ., concur. Ordered that

the order is modified, on the law, without costs, by reversing so much thereof as adjudged that respondent committed an act which if committed by an adult would constitute the crime of burglary in the third degree and as ordered respondent to pay restitution; respondent is found to have committed an act which if committed by an adult would constitute the crime of criminal trespass in the third degree and matter remitted to the Family Court of Clinton County for a new dispositional hearing; and, as so modified, affirmed.