In the Matter of MATTHEW M.R., Also Known as B.-R., Appellant. CHAUTAUQUA COUNTY ATTORNEY, Respondent. (Appeal No. 2.) [830 NYS2d 421]—

Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered November 22, 2005 in a proceeding pursuant to Family Court Act article 3. The order, insofar as appealed from, adjudged that respondent is a juvenile delinquent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order adjudicating him to be a juvenile delinquent based on the finding that he committed an act that, if committed by an adult, would constitute the crime of criminal trespass in the third degree (Penal Law § 140.10). Respondent contends that the evidence was insufficient to establish that he knowingly entered or remained unlawfully in the church, or that the church was enclosed in a manner designed to exclude intruders. In his motion to dismiss at the close of the presentment agency's case, respondent did not raise his contention that the evidence failed to establish that the church was enclosed in a manner designed to exclude

intruders, and thus he failed to preserve that contention for our review (*see generally People v Gray*, 86 NY2d 10, 19 [1995]; *Matter of Yadiel Roque C.*, 17 AD3d 1168 [2005]). The evidence established that respondent and two others were found in a stairwell leading to the basement of a church at 9:30 P.M., that respondent had entered through a door that led only to that stairwell, and that he did not have permission to be inside the church. That evidence, viewed in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), establishes that respondent knowingly entered or remained unlawfully in the church (*see Matter of William A.*, 4 AD3d 647, 649 [2004]).

Respondent further contends that the petition, which alleged the commission of burglary in the third degree, was facially insufficient. A juvenile delinquency petition is sufficient on its face when "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [3]). We conclude that the supporting depositions of the arresting officers and the church official sufficiently establish the elements of burglary in the third degree in violation of Penal Law § 140.20. Present—Hurlbutt, J.P., Martoche, Centra, Fahey and Green, JJ.