■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIUS D. SHANNON, Appellant. [868 NYS2d 377]—

Rose, J. 

Following a jury trial, defendant was convicted of one count of criminal mischief in the third degree based upon proof that he had slashed all four tires on the victim's pickup truck. Defendant now appeals, contending that the prosecution failed to present legally sufficient evidence to establish that he caused damage of $250 or more to the vehicle (*see* Penal Law § 145.05 [2]). We affirm.

In a criminal mischief case, the damage to property is generally established by evidence of the reasonable cost of repairing the property (*see People v Katovich*, 238 AD2d 751, 752 [1997]; *People v Ladd*, 220 AD2d 849, 849-850 [1995], *lv denied* 87 NY2d 923 [1996]). Where the property is not repairable, however, the replacement cost is an appropriate measure of the damage (*see People v Gray*, 30 AD3d 771, 772 [2006], *lv denied* 7 NY3d 848 [2006]; *People v Collins*, 288 AD2d 756, 758 [2001], *lv denied* 97 NY2d 752 [2002]; *People v Detwiler*, 187 AD2d 973, 974 [1992], *lv denied* 81 NY2d 787 [1993]; *see also* Penal Law § 155.20 [1] ["value" is defined as the cost of replacement if market value cannot be ascertained]).

Here, a police officer testified that the sidewalls of the victim's tires were punctured, and an experienced employee of a tire retailer testified that tires are not repairable if the puncture is in the sidewall. From this testimony, which was unrebutted, the jury could reasonably draw the inference that the victim's tires could not be repaired, even though the tire retailer's employee had not examined those tires. Since the employee also testified that the cost of the least expensive replacement tires for the victim's truck would exceed $500, and the victim confirmed that

she actually paid such an amount to replace the tires, the evidence was legally sufficient to establish that the damage caused by defendant was in excess of $250.

Peters, J.P., Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.