■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FRANOV, Appellant. [897 NYS2d 176]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered April 2, 2009, convicting him of unauthorized use of a vehicle in the second degree, criminal mischief in the third degree, possession of burglar's tools, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of unauthorized use of a vehicle in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

According to the testimony presented at trial, the defendant was observed by a police officer exiting the driver's side door of a Lincoln Town Car holding an automobile component. Upon seeing the police officer and his partner, the defendant dropped the component to the ground. An examination of the vehicle revealed that the driver's side door lock was broken and the dashboard was pulled apart, with wires exposed and screws on the floor. The police officers arrested the defendant and recovered a screwdriver, a ratchet, and four sockets from his pants pocket.

The defendant contends that the evidence was legally insufficient to establish his guilt of unauthorized use of a vehicle in the second degree since, inter alia, the People failed to prove beyond a reasonable doubt that he exercised dominion and control over the vehicle. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally insufficient to establish that the defendant exercised the requisite dominion and control over the vehicle (see Matter of Javier F., 3 AD3d 493, 494 [2004]; Matter of Archangel O., 157 AD2d 729 [1990]; People v Gray, 154 AD2d 547 [1989]; Matter of Ruben P., 151 AD2d 485 [1989]). The defendant's momentary presence in or about a vandalized automobile cannot, without more, provide the basis for finding that he exercised dominion and control over the vehicle as required to support a conviction for unauthorized use of a vehicle in the second degree (see Matter of Archangel O., 157 AD2d 729 [1990]; Matter of Ruben P., 151 AD2d 485 [1989]).

However, the defendant's contention that the evidence was legally insufficient to establish his guilt of criminal mischief in the third degree is without merit. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d

342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on the charge of criminal mischief in the third degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The expert testimony presented by the People was sufficient to prove beyond a reasonable doubt that the damage to the vehicle exceeded $250 (*see* Penal Law § 145.05 [2]; *People v Brown*, 275 AD2d 668 [2000]; *People v Katovich*, 238 AD2d 751, 752 [1997]; *People v Dixon*, 184 AD2d 725, 726 [1992]). Mastro, J.P., Leventhal, Lott and Austin, JJ., concur.