■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YAKIK RUMLEY, Appellant. [958 NYS2d 200]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered December 21, 2010, convicting him of burglary in the second degree (two counts) and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the convictions of burglary in the second degree under counts one and two of the indictment to a conviction of criminal trespass in the second degree and vacating the sentences imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

The evidence adduced at trial was legally insufficient to support the defendant's convictions of burglary in the second degree under counts one and two of the indictment. Viewing the evidence in the light most favorable to the People, there was no valid line of reasoning and permissible inferences that could have led a rational jury to conclude that, at the time of his

unlawful entry, the defendant intended to commit a crime in the subject building (*see People v Gaines*, 74 NY2d 358 [1989]).

The evidence showed that the defendant and his girlfriend, to whom he had once been engaged, were involved in a three-year long tumultuous relationship in which they would often break up and then reconcile. After the couple traveled to Virginia in February 2009, the girlfriend decided that she wanted to end the relationship and, therefore, did not visit the defendant at his apartment or return his telephone calls. After the girlfriend avoided him for a week, the defendant went to the apartment of the friend with whom the girlfriend was staying, knocked on the door, and asked to speak to the girlfriend. The girlfriend's friend refused to permit the defendant to enter the apartment. The defendant repeated his request, which was again rejected. This scenario replayed several times, at which point the defendant became angry, forced his way into the apartment, and physically injured the girlfriend's friend in the process. After entering the apartment, the defendant spoke with the girlfriend and asked her to come back to him, but she refused and asked him to leave. After shouting, breaking a telephone, and making angry threats, the defendant left the apartment. He was later arrested and charged with two counts of burglary in the second degree and two counts of criminal mischief in the fourth degree. Following a jury trial, the defendant was convicted of the burglary charges and one count of criminal mischief in the fourth degree.

We conclude that the People failed to present any evidence that would support a finding that the defendant entered the building "with intent to commit a crime therein" (Penal Law § 140.25). Thus, the evidence was legally insufficient to establish the defendant's guilt of burglary in the second degree (*see People v Gaines*, 74 NY2d 358 [1989]; *People v Aveni*, 100 AD3d 228 [2012]). However, the evidence was legally sufficient to establish criminal trespass in the second degree (*see* Penal Law § 140.15). Accordingly, the convictions must be reduced to a conviction of criminal trespass in the second degree, and the sentences imposed under counts one and two of the indictment vacated (*see People v Carlajal*, 308 AD2d 455 [2003]; *People v Person*, 239 AD2d 612 [1997]; *cf. People v Freeman*, 98 AD3d 682 [2012]; *People v Colon*, 169 AD2d 835 [1991]). Although the defendant has already served the maximum sentence that could be imposed for criminal trespass in the second degree (*see* Penal Law § 70.15 [1]), we nevertheless remit the matter to the Supreme Court, Queens County, for the imposition of an authorized sentence for that offense.

The defendant's remaining arguments either are without merit or need not be addressed in light of our determination. Dillon, J.P., Balkin, Austin and Cohen, JJ., concur.