Egan Jr., J.
Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered June 20, 2011, upon a verdict convicting defendant of the crimes of burglary in the first degree, assault in the third degree and criminal mischief in the third degree.
This prosecution stems from an altercation that occurred between defendant, two of her friends and the victim. On the evening of February 9, 2010, defendant and her friends, Renee Oakes and Precious Boots, went out to dinner and eventually wound up at a house party. Early the next morning defendant, who considered herself to be too intoxicated to drive, climbed into the passenger seat of Precious Boots’ vehicle and fell asleep. When defendant awoke, she noticed that the vehicle was parked in the driveway of a residence and that Renee Oakes, who apparently had been driving, had exited the vehicle; Precious Boots then climbed into the driver’s seat and the two started to leave. As defendant glanced back, she noticed Renee Oakes standing at the door of the residence, where she was engaged in conversation with the victim. The victim was the former paramour of Raymond Oakes, who is the father of Renee Oakes, Precious Boots and Devon Oakes, the latter of whom was defendant’s former boyfriend and the father of her three children.[1] According to defendant, she was aware of the ongoing dispute between *1082 the victim and Raymond Oakes and, upon seeing Renee Oakes enter the residence, became concerned that there would be trouble. At this point, defendant and Precious Boots returned to the residence—purportedly to retrieve Renee Oakes. Shortly after entering the residence, a physical altercation broke out between Renee Oakes and the victim, during the course of which the victim sustained various injuries and certain property was damaged. According to the victim, both Precious Boots and defendant also participated in the fracas.
As a result, defendant was indicted and charged with burglary in the first degree, assault in the third degree and criminal mischief in the third degree. Following a jury trial, defendant was found guilty as charged and thereafter was sentenced as a second felony offender[2] to concurrent terms of 10 years in prison plus five years of postrelease supervision on the burglary count, one year in jail on the assault count and 2 to 4 years in prison on the criminal mischief count and was ordered to pay restitution. The aggregate sentence imposed was to run consecutively to any other time owed to the Department of Corrections and Community Supervision.[3] This appeal by defendant ensued.[4]
Initially, to the extent that defendant contends that the People failed to prove by a preponderance of the evidence (see People v McLaughlin, 80 NY2d 466, 472 [1992]) that the underlying crimes occurred within the geographical jurisdiction of Franklin County, we note that “unlike territorial jurisdiction[,] which goes to the very essence of the State’s power to prosecute,” questions regarding geographical jurisdiction or venue are waivable (People v Hinds, 77 AD3d 429, 430 [2010], lv denied 15 NY3d 953 [2010] [internal quotation marks and citation omitted]). Accordingly, inasmuch as defendant failed to request a jury charge on venue, she waived any challenge in this regard *1083 (see People v Brown, 90 AD3d 1140, 1141 [2011], lv denied 18 NY3d 922 [2012]; People v Hinds, 77 AD3d at 430-431).
Defendant next contends that her conviction of criminal mischief in the third degree is not supported by legally sufficient evidence—an argument that defendant preserved for our review by appropriate motions. As is relevant here, a person commits criminal mischief in the third degree when, “with intent to damage property of another person, and having no right to do so . . . , he or she . . . damages property of another person in an amount exceeding [$250]” (Penal Law § 145.05 [2]). Damage to the subject property, in turn, typically is “established by evidence of the reasonable cost of repairing the property” or, if the property cannot be repaired, “the replacement cost” thereof (People v Shannon, 57 AD3d 1016, 1016 [2008]).
Here, although the victim testified that her flat screen television was damaged, as were her Dolce and Gabbana glasses, a framed picture and a pair of mukluks, the record is devoid of any proof as to the reasonable cost of repairing and/or replacing this property (compare People v Hooks, 71 AD3d 1184, 1185-1186 [2010]; People v Brown, 57 AD3d 238, 238 [2008], lv denied 12 NY3d 781 [2009]; People v Katovich, 238 AD2d 751, 752 [1997]), and neither the victim’s conclusory and unsubstantiated testimony regarding the value of the items in question nor the photographic evidence contained in the record is sufficient to establish that the damage to the victim’s property exceeded $250. The record is, however, sufficient to establish that defendant intentionally damaged the victim’s property and, therefore, defendant’s conviction on this count is reduced to criminal mischief in the fourth degree (see Penal Law § 145.00 [1]; People v Civitello, 287 AD2d 784, 786-787 [2001], lv denied 97 NY2d 703 [2002]; see also CPL 470.15 [2] [a]; 470.20 [4]).
As for defendant’s burglary conviction, a person is guilty of burglary in the first degree “when he [or she] knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein, and when, in effecting entry or while in the dwelling or in immediate flight therefrom, he [or she] or another participant in the crime . . . [c]auses physical injury to any person who is not a participant in the crime” (Penal Law § 140.30 [2]). Based upon our review of the record as a whole, we find that there is legally insufficient evidence to satisfy the intent element of the crime.
“ ‘[T]he purpose of the burglary statute is to protect against the specific dangers posed by entry into secured premises of intruders bent on crime’ ” (People v Konikov, 160 AD2d 146, *1084 149 [1990], lv denied 76 NY2d 941 [1990], quoting People v Thompson, 116 AD2d 377, 380 [1986])—not to afford the People an opportunity to elevate a misdemeanor assault to the felony of burglary in the first degree simply upon a showing that “the [underlying] assault was preceded by the victim’s demand that the defendant exit the premises” (People v Konikov, 160 AD2d at 154). As was the case in Konikov, none of the events that preceded the assault here sufficiently supports the inference that defendant harbored the intent to assault the victim upon entering the premises. Stated another way, the record does not support a finding that defendant possessed the necessary “contemporaneous intent” to commit a crime (.People v Gaines, 74 NY2d 358, 363 [1989]), and “ ‘[a] defendant who simply trespasses with no intent to commit a crime inside a building [or dwelling] does not possess the more culpable mental state that justifies punishment as a burglar’ ” (People v Konikov, 160 AD2d at 150, quoting People v Gaines, 74 NY2d at 362).
Although Konikov and our subsequent decision in People v Green (24 AD3d 16 [2005]) are otherwise distinguishable, the legal principles and analysis contained therein apply with equal force to the matter before us and, therefore, defendant’s conviction of burglary in the first degree cannot stand. The evidence is, however, sufficient to establish criminal trespass in the second degree, and defendant’s conviction will be reduced accordingly (see Penal Law § 140.15 [1]; People v Green, 24 AD3d at 20; see also CPL 470.15 [2] [a]; 470.20 [4]). Defendant’s remaining contentions, including her assertion that she was deprived of a fair trial, have been examined and found to be lacking in merit.
Rose, J.P, Lahtinen and Stein, JJ., concur.
Ordered that the judgment is modified, on the law, by reducing defendant’s convictions of burglary in the first degree under count 1 of the indictment to criminal trespass in the second degree and criminal mischief in the third degree under count 3 of the indictment to criminal mischief in the fourth degree; vacate the sentences imposed on said convictions and matter remitted to the County Court of Franklin County for resentencing; and, as so modified, affirmed.

. At some point prior to this date, the victim and Raymond Oakes resided together at the residence, which was located on McGee Road in the Town of Bombay, Franklin County. When the relationship between the two deteriorated, a dispute arose as to the ownership of the home, prompting the victim and Raymond Oakes to seek the assistance of the St. Regis Mohawk Tribal Council. According to Raymond Oakes, the Tribal Council ultimately determined that he was the owner of the property, but the victim was allowed *1082 to remain in the residence until such time as Raymond Oakes went through the proper channels to have her evicted, which apparently occurred in May 2010.

. Defendant’s prior felony conviction was for criminal possession of marihuana in the first degree.

. Defendant was on probation at the time of her conviction and, after conducting a hearing, County Court found defendant to have violated the terms of her probation and sentenced her to 272 years in prison followed by two years of postrelease supervision. On appeal, this Court affirmed (People v Beauvais, 101 AD3d 1488 [2012]).

. According to information contained in the presentence investigation report, Renee Oakes, who by all accounts was the instigator of the melee, was convicted following a jury trial of assault in the third degree and was sentenced to three years of probation and 50 hours of community service. At the time that defendant was sentenced, Precious Boots apparently was awaiting trial.