People v Degnan (2019 NY Slip Op 00327)





People v Degnan


2019 NY Slip Op 00327


Decided on January 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 17, 2019

108457

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL J. DEGNAN, Appellant.

Calendar Date: December 12, 2018

Before: Lynch, J.P., Clark, Mulvey, Devine and Rumsey, JJ.


William T. Morrison, Albany, for appellant.
Michael D. Ferrarese, Acting District Attorney, Norwich (Karen Fisher McGee, New York Prosecutors Training Institute, Inc., Albany, of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the County Court of Broome County (Burns, J.), rendered April 1, 2016, upon a verdict convicting defendant of the crimes of burglary in the second degree, endangering the welfare of a child and petit larceny (three counts).
In September 2013, defendant was charged with various crimes stemming from allegations that he sexually assaulted a 14-year-old girl and thereafter committed a series of offenses in an effort to evade apprehension. Following a jury trial, defendant was convicted of burglary in the second degree, endangering the welfare of a child and three counts of petit larceny [FN1]. Defendant was sentenced as a persistent violent felony offender to a prison term of 25 years to life for his burglary conviction and concurrent one-year jail terms for each of his remaining misdemeanor convictions. Defendant now appeals.
We agree with defendant, and the People concede, that the evidence was legally insufficient to support the conviction for burglary in the second degree. As relevant here, that crime requires proof that defendant knowingly and unlawfully entered a dwelling with intent to commit a crime therein (see Penal Law § 140.25 [2]). Additionally, at the time of the unlawful entry, defendant must have harbored a contemporaneous criminal intent other than criminal trespass (see People v Gaines, 74 NY2d 358, 363 [1999]; People v Simmons, 111 AD3d 975, 979 [2013], lv denied 22 NY3d 1203 [2014]; People v Douglas, 24 AD3d 1019, 1020 [2005]). The People argued at trial that, indicative of a consciousness of guilt relating to the sex offense charges, defendant unlawfully entered the dwelling to evade arrest and that sometime thereafter he formed an intent to steal several articles of clothing. Given this theory, the People failed to [*2]present any evidence that could provide a valid line of reasoning and permissible inferences from which a rational juror could have concluded that, at the time of entry, defendant had a larcenous intent (see People v Beauvais, 105 AD3d 1081, 1084 [2013]; People v Rumley, 102 AD3d 894, 895 [2013]; Matter of William A., 4 AD3d 647, 648-649 [2004]). Absent legally sufficient proof of the intent element, the conviction for burglary in the second degree cannot stand.
However, we find that the evidence was legally sufficient to establish the lesser included offense of criminal trespass in the second degree, which, as relevant here, requires proof that defendant knowingly and unlawfully entered a dwelling (see Penal Law § 140.15 [1]). The trial evidence established that, without permission, defendant entered a fully furnished residence with working utilities that, although temporarily unoccupied at the time of defendant's entry, was used by the owner — or authorized guests — for overnight lodging, particularly during the warmer months. Viewed in the light most favorable to the People, such evidence was legally sufficient to establish that defendant knowingly and unlawfully entered a dwelling, so as to satisfy the elements of criminal trespass in the second degree (see generally People v Quattlebaum, 91 NY2d 744, 747-748 [1998]; cf. People v Henry, 64 AD3d 804, 805 [2009], lv denied 13 NY3d 860 [2009]; People v Thomas, 33 AD3d 1056, 1056-1057 [2006], lv denied 8 NY3d 850 [2007]). Accordingly, pursuant to our authority under CPL 470.15 (2) (a), we reduce defendant's conviction for burglary in the second degree to criminal trespass in the second degree (see People v Beauvais, 105 AD3d at 1084; People v Rumley, 102 AD3d 894 at 895; People v Green, 24 AD3d 16, 20 [2005]).[FN2]
In light of our determination, defendant's remaining contentions have been rendered academic.
Lynch, J.P., Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is modified, on the law, by reducing defendant's conviction of burglary in the second degree under count 8 of the indictment to criminal trespass in the second degree and resentencing defendant to time served on said count, and, as so modified, affirmed.



Footnotes

Footnote 1: The jury acquitted defendant of two counts of criminal sexual act in the second degree. The jury was unable to reach a verdict on one count of rape in the second degree and two counts of grand larceny in the fourth degree.

Footnote 2: We need not remit the matter for resentencing because defendant has already served the maximum time to which he could have been sentenced on the misdemeanors (see People v Clark, 52 AD3d 860, 861 n [2008], lv denied 11 NY3d 831 [2008]; People v Humes, 16 AD3d 844, 846 [2005]).