People v Drager (2024 NY Slip Op 03641)

People v Drager

2024 NY Slip Op 03641

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND KEANE, JJ.

423 KA 22-01380

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THOMAS G. DRAGER, DEFENDANT-APPELLANT.

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (ALEXANDER PRIETO OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered March 22, 2022. The judgment convicted defendant upon a jury verdict of criminal mischief in the second degree, grand larceny in the fourth degree and auto stripping in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the conviction of criminal mischief in the second degree (Penal Law § 145.10) to criminal mischief in the third degree (§ 145.05 [2]) and vacating the sentence imposed on count 1 of the indictment and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for sentencing on the conviction of criminal mischief in the third degree.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal mischief in the second degree (Penal Law § 145.10), grand larceny in the fourth degree (§ 155.30 [1]), and auto stripping in the second degree (§ 165.10 [2]). Defendant's conviction stems from his conduct in removing and stealing two catalytic converters from two vehicles at an automotive shop (shop). On the evening of the incident, the wife of the owner of the shop received an alert on her phone that a security camera at the shop had activated and, when she watched the video on her phone, she observed a man walking by the entrance of the closed shop. She called 911 and described the man as being tall and wearing a hooded sweatshirt, and she and her husband proceeded to the shop. The police responded to the scene and found a man with a hooded sweatshirt, later identified as defendant, walking on a road just 300 yards away from the shop. There were no other pedestrians in the area at that time of the evening. Defendant's clothes and boots were muddy and had burrs on them, and the police found a bag of tools and two catalytic converters in a wooded area in between where defendant was found and the shop. When the shop owner and his wife arrived at the shop, defendant was standing with the officers, and the wife positively identified him as the man she saw on the security camera video.
We agree with defendant that the evidence is legally insufficient to establish that he damaged property in an amount exceeding $1,500 and thus that the conviction of criminal mischief in the second degree is not supported by legally sufficient evidence. "In a criminal mischief case, the damage to property is generally established by evidence of the reasonable cost of repairing the property" (People v Shannon, 57 AD3d 1016, 1016 [3d Dept 2008] [emphasis added]; see People v Failing, 129 AD3d 1677, 1678 [4th Dept 2015], lv denied 26 NY3d 967 [2015]; People v Brown, 177 AD2d 942, 942 [4th Dept 1991], lv denied 79 NY2d 944 [1992]). It is only when property is not repairable that the replacement cost is an appropriate measure of the damage (see Shannon, 57 AD3d at 1016; People v Woodard, 148 AD2d 997, 998 [4th Dept 1989], lv denied 74 NY2d 749 [1989]). Here, the owner of the shop gave testimony regarding the value of the two catalytic converters, but the only testimony he gave regarding the cost of repairs to the two vehicles was that the installation of certain sensors cost $300. The People did not present any evidence that the vehicles could not be repaired using the recovered catalytic [*2]converters (see People v Gina, 137 AD2d 555, 555 [2d Dept 1988], lv denied 71 NY2d 1027 [1988]; People v David, 133 AD2d 277, 278 [2d Dept 1987]; cf. Shannon, 57 AD3d at 1016). Thus the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), did not establish that the cost of repairs to the vehicles exceeded the statutory threshold for criminal mischief in the second degree. The evidence is legally sufficient, however, to establish that defendant committed the lesser included offense of criminal mischief in the third degree (see Penal Law § 145.05 [2]). We therefore modify the judgment accordingly, and we remit the matter to County Court for sentencing on that conviction (see CPL 470.15 [2] [a]).
Contrary to defendant's further contention, the conviction of grand larceny in the fourth degree and auto stripping in the second degree is supported by legally sufficient evidence. The evidence, viewed in the light most favorable to the People (see Contes, 60 NY2d at 621), established that defendant stole property that was valued in excess of $1,000 (Penal Law § 155.30 [1]) and removed vehicle parts that exceeded an aggregate value of $1,000 (§ 165.10 [2]). In this context, value "means the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime" (§ 155.20 [1]; see People v Butcher, 192 AD3d 1196, 1198 [3d Dept 2021], lv denied 36 NY3d 1118 [2021]; People v Grant, 189 AD3d 2112, 2114 [4th Dept 2020], lv denied 37 NY3d 956 [2021]). Here, the evidence established that the catalytic converters were valued at $1,200 each. Moreover, viewing the evidence in light of the elements of those crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect thereto (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant contends that the court erred in allowing the wife to give identification testimony based on video recordings that were not in evidence in violation of the best evidence rule. The best evidence rule requires the production of a video recording " 'where its contents are in dispute and sought to be proven' " (People v Jackson, 192 AD3d 15, 17 [4th Dept 2020], lv denied 36 NY3d 1098 [2021], quoting Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 643 [1994]). Here, there was one video in evidence. To the extent that the wife testified that she watched the events live on the camera feed, we conclude that there was no violation of the best evidence rule (see People v Fulton, 210 AD3d 1436, 1437 [4th Dept 2022], lv denied 39 NY3d 1154 [2023]). To the extent that the wife testified regarding video recordings that were not in evidence, we conclude that any error in admitting that testimony was harmless inasmuch as the evidence was overwhelming and there is no significant probability that the jury would have acquitted defendant if that testimony had been excluded (see People v Watson, 183 AD3d 1191, 1195 [3d Dept 2020], lv denied 35 NY3d 1049 [2020]; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court