■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCO RECINOS, Appellant. [616 NYS2d 1013] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered December 15, 1992, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

As part of the plea agreement, the defendant was promised a sentence of 5 years to life imprisonment. However, at defense counsel's suggestion, both the court and the prosecution agreed that if the defendant was able to repay the $3,600 that he had obtained from the police in connection with the charged drug sales he would receive a lesser sentence of 4 years to life imprisonment. Since the defendant was unable to produce the $3,600, the court imposed the promised sentence of 5 years to life imprisonment.

We reject the defendant's contention that his sentence is excessive or that the court unconstitutionally imposed a greater sentence because the defendant is indigent *(see generally, Bearden v Georgia,* 461 US 660; *Tate v Short,* 401 US 395). Rather, the record clearly reflects that the defendant simply received the bargained-for sentence and that he was unable to take advantage of an opportunity to lessen his sentence. That being the case, he has no basis to complain about the sentence that was imposed *(see, People v Kazepis,* 101 AD2d 816). Thompson, J. P., Miller, O'Brien, Santucci and Joy, JJ., concur.