■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD FUNDERBIRD-DAY, Appellant. [640 NYS2d 42]

Defendant's claim that the prosecutor improperly elicited testimony suggesting witness tampering is unpreserved as a matter of law, defendant having made only a general objection thereto (*People v Fleming*, 70 NY2d 947). Similarly unpreserved is his challenge to the adequacy of the limiting instruction given with respect to such testimony, which we presume the jury followed (*People v Berg*, 59 NY2d 294, 299-300), defendant having failed to object thereto at all (*People v Velasquez*, 76 NY2d 905, 908). In any event, defendant opened the door to this testimony on cross-examination, having been placed on notice that inquiry about promises made by the prosecution to the witness would lead to rehabilitation by showing that the promises were necessary to counteract tampering. We also reject the claim that the prosecutor called a witness for the sole purpose of eliciting that witness's Fifth Amendment privilege, where the witness had no privilege, was clearly instructed to that effect by the court, and the record demonstrates that the prosecutor was unaware of the witness's intention to claim the privilege unjustifiably. Moreover, the testimony was struck from the record and the jury instructed to disregard it, and ample eyewitness testimony otherwise established defendant's guilt (*cf., People v Vargas*, 86 NY2d 215). Thus, this incident caused no prejudice to defendant. Defendant's remaining claims do not warrant reversal. Concur—Sullivan, J. P., Rosenberger, Ross, Williams and Tom, JJ.