■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY J. MARRO, Appellant. [661 NYS2d 389] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal possession of stolen property in the third degree and three counts of illegal possession of a vehicle identification number (VIN). He contends that County Court erred in admitting a VIN plate into evidence; that the People failed to comply with Penal Law § 450.10 (4) (c) in returning the stolen vehicle to the owner's insurer; that there is insufficient evidence that defendant knowingly pos-

sessed the stolen vehicle and illegal VINs; that the court's charge on knowing possession was inadequate; that the court improperly precluded a lay defense witness from offering an opinion concerning the manufacture of the chassis; and that the prosecutor's misstatement of the date of the theft during summation deprived defendant of a fair trial.

We conclude that the State Trooper's testimony established a sufficient foundation for admission into evidence of the VIN plate, a nonfungible, readily identifiable item (see, People v McGee, 49 NY2d 48, 59-60, cert denied sub nom. Waters v New York, 446 US 942; People v Julian, 41 NY2d 340, 342-343). Contrary to defendant's contention, Penal Law § 450.10 (4) (c) does not apply because police did not release the vehicle prior to notifying defendant. Police complied with the requirements of Penal Law § 450.10 (4) (a), authorizing release of the vehicle at any time beginning 48 hours from defendant's receipt of the notice (see, Penal Law § 450.10 [1], [4] [a]).

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), we conclude that it is legally sufficient to establish that defendant knowingly possessed the stolen vehicle and illegal VINs. Proof of defendant's guilty knowledge was established circumstantially by the condition of the vehicle when seized from defendant and by defendant's contradictory statements (see, People v Zorcik, 67 NY2d 670, 671). The court did not err in precluding a lay defense witness from offering an opinion with respect to the manufacture of the chassis. In any event, the ruling had no impact on the case because it was undisputed that the chassis was from the stolen 1990 Chevrolet pick-up truck.

We have considered defendant's remaining contentions and conclude that they are lacking in merit. (Appeal from Judgment of Seneca County Court, Bender, J.—Criminal Possession Stolen Property, 3rd Degree.) Present—Denman, P. J., Pine, Callahan, Balio and Fallon, JJ.