■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH C. SMERALDO, Appellant. [662 NYS2d 883] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal mischief in the second degree and criminal contempt in the second degree arising out of an incident in which defendant sprayed acid on his ex-girlfriend's car in violation of a protective order. County Court did not err in ruling that, if defense counsel attempted to impeach complainant by introducing prior instances in which she allegedly falsely accused defendant, the prosecution could establish defendant's prior convictions for stalking complainant. The court did not bar attempts to show bias or misidentification, but merely recognized that such cross-examination would properly open the door to a rehabilitation of complainant by proof that she had made prior well-founded complaints against defendant (*cf., People v Funderbird-Day*, 225 AD2d 498, 499, *lv denied* 88 NY2d 966; *see generally*, Fisch, New York Evidence §§ 495, 497 [2d ed]).

The verdict is supported by sufficient evidence and is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Complainant testified that she observed defendant spraying a liquid on her car, and the operator of a collision shop testified that, in his expert opinion, the cost of repairing the vehicle would be $1,963.93. Given the direct testimony of complainant that she saw defendant vandalizing her car, the court properly denied defendant's request for a moral certainty charge on circumstantial evidence (*see, People v Daddona*, 81 NY2d 990, 992; *People v Von Werne*, 41 NY2d 584, 590).

The court did not err in refusing to admit the damaged vehicle or photographs thereof into evidence. There were no assurances that the condition of the vehicle had not changed between the time of the incident and the time the photographs were taken shortly before trial (*see, People v Brown*, 182 AD2d 691, 692, *lv denied* 80 NY2d 828; *see generally, People v Julian*, 41 NY2d 340, 342-343).

The record does not indicate whether defendant was present

during certain sidebar conferences at trial. In any event, defendant has failed to show prejudice by demonstrating that the conferences involved "factual matters about which defendant might have peculiar knowledge that would be useful in advancing the defendant's or countering the People's position" (*People v Dokes*, 79 NY2d 656, 660; *see, People v Spataro*, 202 AD2d 1005, *lv denied* 84 NY2d 833).

We have considered defendant's remaining contentions and conclude that they are without merit or that the record is inadequate to permit us to review them. (Appeal from Judgment of Chautauqua County Court, Ward, J.—Criminal Mischief, 2nd Degree.) Present—Denman, P. J., Hayes, Callahan, Doerr and Boehm, JJ.