■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE DIAZ ALMO, Also Known as JORGE DIAZ ALAMO, Appellant. [752 NYS2d 77] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Grosso, J.), rendered January 31, 2001, convicting him of grand larceny in the second degree and scheme to defraud in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The People accepted a plea agreement in accordance with which the defendant would be sentenced to an indeterminate term of imprisonment of only 1½ to 4½ years, provided that, on the date of sentencing, the defendant had made restitution to the victim in the sum of $2,000. The defendant argues that, despite his failure to make restitution at or before the time of sentencing, allegedly due to his indigence, the trial court was nonetheless obligated to impose an indeterminate term of imprisonment no greater than the term of 1½ to 4½ years that was originally promised on condition of such payment. This argument is without merit.

Contrary to the defendant's contention, the case of *Bearden v Georgia* (461 US 660) does not stand for the proposition that a defendant who is unable to make any restitution at all is nonetheless entitled to whatever plea agreement advantages the

People would have afforded to a similarly-situated defendant who was able to make, or who did make, full or partial restitution (*see e.g. People v Recinos,* 208 AD2d 569; *People v Felman,* 141 AD2d 889, 890). *Bearden* does not contradict the general rule that the amount of out-of-pocket losses suffered by the victim of a property crime, and, conversely, the extent to which the defendant has made, or is capable of making restitution, are factors that may properly influence a prosecutor's sentencing recommendation or a court's ultimate sentencing determination (*see People v Felman,* 141 AD2d 889, *supra*).

The defendant's purported inability to pay the stipulated amount of restitution within the time frame agreed to, and the consequential inability to implement the plea agreement as originally negotiated, are circumstances that might have justified the granting of a motion to withdraw the plea (*see e.g. People v Selikoff,* 35 NY2d 227, *cert denied* 419 US 1122; *see also Santobello v New York,* 404 US 257; *People v McCready,* 296 AD2d 423; *People v Rodriguez,* 289 AD2d 512). However, the defendant did not make such a motion, and did not object to the sentence imposed on the basis that it represented an illegal enhancement with respect to the sentence that he was promised at the time of his plea (*see People v Churby,* 277 AD2d 393; *People v Walters,* 273 AD2d 418; *People v Naglieri,* 262 AD2d 426, 427; *People v Wilson,* 257 AD2d 674; *People v Gayle,* 224 AD2d 710; *People v Ellis,* 162 AD2d 701). More fundamentally, the defendant even now does not request an opportunity to withdraw his plea, but instead seeks only to have the sentence reduced as outlined above.

Because the defendant is not entitled to a reduction of the sentence imposed in order to render it more consistent with that promised to him as part of a plea agreement which the defendant himself has, in an essential respect, failed to comply with, and because this is the only relief that the defendant seeks on appeal, the judgment must be affirmed. Prudenti, P.J., Florio, Friedmann and Adams, JJ., concur.