THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBBIN EGAN, Appellant. (Appeal No. 1.) [776 NYS2d 667]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered July 30, 2002. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her following a jury trial of grand larceny in the fourth degree (Penal Law § 155.30 [1]) and petit larceny (§ 155.25). Contrary to defendant's contention, County Court properly admitted the stolen cellular telephone in evidence. The cellular telephone bore a specific serial number and lit up with the victim's name when turned on, and thus the testimony of the victim and a police officer, who was present when the telephone was found in defendant's apartment, was "sufficient evidence of accuracy and authenticity" (*People v Love*, 187 AD2d 1030, 1030 [1992], *lv denied* 81 NY2d 888 [1993]; *see People v Julian*, 41 NY2d 340, 342-343 [1977]; *People v Marro*, 241 AD2d 972, 973 [1997]). Defendant further contends that the search of her apartment, resulting in the seizure of evidence therefrom, was illegal. That contention is largely based on the fact that the suppression

court credited the testimony of the police officers rather than defendant, and we see no reason to disturb the court's credibility determinations (see People v Prochilo, 41 NY2d 759, 761 [1977]; People v Coleman, 306 AD2d 941 [2003], lv denied 1 NY3d 596 [2004]). Also contrary to defendant's contention, this was a "relatively simple case" (People v Vaccarella, 177 AD2d 990, 991 [1991], lv denied 79 NY2d 833 [1991]), and we conclude that the court did not abuse its discretion in refusing to allow the jury to take notes (see People v Hues, 92 NY2d 413, 419 [1998]).

We reject the further contention of defendant that her statutory right to a speedy trial was violated (see CPL 30.30 [1] [a]). Defendant was charged on October 9, 2001, and the written notice of readiness was provided to defense counsel and the court on March 26, 2002, within the statutory period (see id.; People v Yarbrough, 158 AD2d 811 [1990], lv denied 75 NY2d 971 [1990]; see generally People v Kendzia, 64 NY2d 331, 337 [1985]). The fact that the prosecutor provided the notice to the court and not the court clerk does not mandate reversal. Where, as here, defendant has "suffered absolutely no prejudice as a result, no salutary purpose is served by allowing this minor technical discrepancy to thwart the public's compelling interest in having those charged with committing crimes prosecuted" (People v Sutton, 199 AD2d 878, 880 [1993]). Based on the testimony at the Wade hearing, we further conclude that the identification procedure involving the use of a book of approximately 200 mugshots and other photographs was not unduly suggestive. "[T]he viewer's attention is not drawn to defendant's photo in such a way as to indicate that the police were urging a particular selection" (People v Rogers, 245 AD2d 1041, 1041 [1997]; see People v Merriweather, 298 AD2d 950 [2002], lv denied 99 NY2d 561 [2002]), and there was not a substantial likelihood that defendant would be singled out for identification (see People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]). The verdict is not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]). We have examined defendant's remaining contention and conclude that it is lacking in merit. Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Scudder and Lawton, JJ.