*59 OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously affirmed.
Prior to entering a plea of guilty to the crime charged, defendant was advised that the commitment of no jail time was contingent upon his making reparation at or before sentencing. The court explicitly advised defendant that if he failed to make reparation for the victims’ out-of-pocket loss, or, if he claims that he cannot afford to pay reparation, he would be subject to incarceration. The People indicated that it would seek reparation in the sum of $55,000. After acknowledging that he both understood and agreed to the terms of the commitment, defendant entered a plea of guilty. Following a hearing, the court determined that defendant owed reparation in the sum of $55,800. At sentencing, defendant stated that he was indigent and unable to make reparation. The court reiterated the terms of the commitment and asked defendant if he could make reparation. After defendant indicated that he could not, the court sentenced him to six months’ incarceration. Defendant in essence contends that, despite his failure to make reparation at the time of sentencing, the court was nonetheless required to honor the no jail commitment.
Defendant’s reliance upon Bearden v Georgia (461 US 660 [1983]) is misplaced as it does not stand for the proposition that a defendant who is unable to make any “restitution” is nonetheless entitled to the plea agreement that was conditionally offered upon “restitution” (see People v Almo, 300 AD2d 503 [2002], lv denied 99 NY2d 612 [2003]; see also People v Recinos, 208 AD2d 569 [1994], lv denied 84 NY2d 1014 [1994]; People v Montero, 124 Misc 2d 1020 [App Term, 2d Dept 1984]). Although defendant’s inability to make reparation and, as a result thereof, the court’s withdrawal of the conditional sentence or commitment are circumstances that might have justified the granting of a motion to vacate the plea (see People v Selikoff, 35 NY2d 227 [1974], cert denied 419 US 1122 [1975]), defendant did not make such a motion. Moreover, on this appeal, defendant does not seek to withdraw his plea, but instead seeks only to modify the sentence by imposing the terms promised upon his making reparation (see People v Almo, 300 AD2d 503 [2002], supra).
In addition, we note that any error regarding the court’s failure to ask defendant if he wanted to make a statement before proceeding with the reparation hearing (CPL 400.30 [3]) was *60 not preserved for appellate review (CPL 470.05 [2]; People v Casey, 95 NY2d 354, 366 [2000]). However, the record indicates that defendant did in fact testify that he did not profit by his act. As to defendant’s contention that the court-ordered reparation constituted a windfall, it need only be stated that reparation is based upon the victim’s out-of-pocket loss (Penal Law § 60.27 [1]) and that the award set by the trial court was supported by the testimony at the hearing. Finally, under the circumstances presented, the sentence imposed was not unduly harsh or excessive.
McCabe, EJ., Covello and Tanenbaum, JJ., concur.