(December 21, 2006)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY BIRCH, Appellant. [826 NYS2d 814]—

Spain, J. Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered April 7, 2006, which revoked defendant's probation and imposed a sentence of imprisonment.

Upon her plea of guilty in 2004, defendant was convicted of grand larceny in the third degree and insurance fraud in the third degree for having obtained Social Security disability benefits upon a false claim. County Court sentenced defendant to 10 days in jail, five years of probation, and restitution totaling $87,109.84 to be paid in three installments in 2004 and 2005. She did not pay the third installment in the amount of $50,109.84 which was due May 25, 2005. A complaint for violation of probation was filed, and defendant executed a violation of probation form on November 15, 2005, in which she admitted the violation. She waived her right to appeal, but preserved her right to appeal her sentence if there was no jointly recommended sentence, as was the case. On April 7, 2006, County

Court sentenced defendant to a period of incarceration of 1$^1$/$_3$ to 4 years; the unpaid restitution remains part of her sentence. Defendant appeals.*

The issues that defendant raises on appeal with respect to her sentence fail on their merits. Undermining defendant's claim of inability to pay and that she is being imprisoned for indigency, the record shows that County Court adjourned sentencing partly to afford defendant adequate opportunity to make good on her expressed plans to pay the restitution. Even on the date of sentencing, the court received information that defendant had potential means to pay the restitution (by sale of a restaurant). Nor do the provisions of CPL 420.10 avail defendant. County Court has not required that defendant be imprisoned "until . . . restitution . . . is satisfied" (CPL 420.10 [3]), and defendant has made no explicit application for resentencing (*see People v Amorosi*, 96 NY2d 180 [2001]). With respect to an unrelated confession of judgment that had been entered against defendant and its priority, the court did not misconstrue its import, including its impact on defendant's credibility, and brief factual testimony about it at sentencing (not objected to by defendant) was harmless because the confession of judgment had previously been brought to the court's attention.

Finally, we do not find that the interest of justice warrants a reduction in defendant's sentence. Defendant failed to meet her restitution obligation under a bargained-for sentence which featured her plea to reduced charges and a probation term rather than incarceration. The sentence subsequently imposed after violation of probation was less than the maximum allowable and less than that recommended by the prosecution (*see e.g. People v Pestone*, 269 AD2d 546 [2000], *lv denied* 95 NY2d 801 [2000]; *People v Martinich*, 258 AD2d 742 [1999], *lv denied* 93 NY2d 927 [1999]; *People v Egelston*, 171 AD2d 904 [1991]; *People v Felman*, 141 AD2d 889 [1988], *lv denied* 72 NY2d 918 [1988]).

Mercure, J.P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.

---

* On June 7, 2006, defendant's application, pursuant to CPL 460.50, for an order staying execution of judgment pending appeal and for release on recognizance or bail was denied by a Justice of this Court.