■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ESTHER BASSOFF, Appellant. [857 NYS2d 664]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Kase, J.), rendered May 9, 2007, convicting her of scheme to defraud in the first degree and grand larceny in the third degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The defendant, a "business broker," pleaded guilty to scheme to defraud in the first degree and grand larceny in the third degree, in exchange for a sentence of five years probation, plus restitution in the sum of $175,000. The defendant was to pay $40,000 of that restitution prior to sentencing, and was to complete sworn financial disclosure forms. If she willfully failed to make the so-called "up-front" payment, then her plea agreement authorized the sentencing court to impose a sentence of incarceration of six months, plus five years of probation and restitution. The defendant consented to this arrangement. She did not indicate that she would not be able to satisfy her up-front payment obligation. The defendant never made the $40,000 payment. The sentencing court sentenced her to six months of incarceration, plus five years' probation and restitution. The defendant never moved to withdraw her plea prior to the imposition of sentence (*see* CPL 220.60 [3]), and never moved to vacate her judgment of conviction.

The defendant failed to preserve for appellate review her argument that her constitutional rights were violated when the sentencing court sentenced her to a term of imprisonment without conducting an indigency hearing (*see People v Ruz,* 70 NY2d 942, 943 [1988]). In any event, her contention is without merit (*see People v Birch,* 35 AD3d 1026 [2006]; *People v Almo,* 300 AD2d 503 [2002]; *People v Recinos,* 208 AD2d 569 [1994]; *People v Felman,* 141 AD2d 889 [1988]; *cf. Bearden v Georgia,* 461 US 660 [1983]). The defendant received the sentence she bargained for. Furthermore, under the circumstances presented, through her numerous court appearances and representations of future payment that never materialized, as well as her failure to furnish accurate financial disclosure forms, the Supreme Court had an ample basis to conclude that the defendant's failure to make the $40,000 restitution payment was willful.

The defendant's remaining contentions are unpreserved for

appellate review and, in any event, are without merit. Prudenti, P.J., Fisher, Miller and Balkin, JJ., concur.