■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY HASSMAN, Appellant. [893 NYS2d 618]—

Appeal by the defendant from a judgment of the County Court, Nassau County (LaPera, J.), rendered October 22, 2007, convicting him of grand larceny in the second degree and falsifying business records in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for resentencing.

In May 2007 the defendant pleaded guilty to grand larceny in the second degree and falsifying business records in the first

degree in connection with the theft of the sum of approximately $135,000 from his employer. The plea was entered upon a promise that the sentencing court would sentence the defendant to a term of probation of five years, to run concurrently with a term of incarceration of no more than 30 days, restitution in the sum of $135,000 with an "up front" payment in the sum of $65,000 to be made prior to sentencing, and "possible fines." At the plea proceeding, the court warned the defendant that, if he violated the conditions of the plea, it would not be bound by its promise, and the defendant would be "looking at possible upstate time in jail." In September 2007, four months after the defendant pleaded guilty, but before he was sentenced, the defendant was named in an arrest warrant issued in the Commonwealth of Pennsylvania, based on an alleged larceny occurring in April 2007, one month before the defendant pleaded guilty in New York. As a result of the warrant, the defendant was remanded to the custody of the Nassau County Sheriff on September 28, 2007.

When the defendant appeared for sentencing, the People alleged that he had violated two conditions of the plea agreement, specifically, that he was arrested pursuant to the Pennsylvania warrant and that he failed to make the "up front" restitution payment. The defendant responded that the matter in Pennsylvania was civil in nature, and that some restitution had already been made in that matter. He further claimed that he and a business partner had been trying to arrange a line of credit to allow him to pay the restitution in this case, but his remand on the Pennsylvania warrant had prevented him from obtaining that line of credit. Without specifying the condition it found the defendant to have violated, the court announced that its promise with respect to the sentence to be imposed upon the defendant was "off," and it sentenced the defendant to an indeterminate term of imprisonment of 2⅓ to 7 years, a fine in the sum of $5,000, and restitution in the sum of $135,000. The court denied the defendant's application to withdraw his plea of guilty. We modify.

A court may impose an enhanced sentence for a defendant's failure to make restitution prior to the sentencing date, as specified in a plea agreement, if the failure to make the restitution was willful (see *People v Bassoff*, 51 AD3d 682, 683 [2008]; *People v Birch*, 35 AD3d 1026 [2006]). On the other hand, where the defendant's failure to pay the stipulated amount of restitution within the agreed time frame was not willful, and the defendant seeks to withdraw a plea of guilty rather than accept an enhanced sentence, the court must either extend the time for

the payment of the restitution or grant the defendant's application to withdraw the plea (*see People v Almo*, 300 AD2d 503, 504 [2002]). Willfulness may be found where the defendant is able to make the restitution as ordered by the court, but refuses to do so, or where the defendant fails to make sufficient bona fide efforts to obtain the resources that would allow compliance with the restitution order, or where, in the first instance, the defendant agreed to pay the restitution in order to obtain the benefits of a favorable plea, but knew at the time that he or she would very likely be unable to satisfy the obligation (*cf. Bearden v Georgia*, 461 US 660, 667-668 [1983]; *People v Amorosi*, 96 NY2d 180, 184 [2001]).

Here, the court did not conduct an inquiry into whether the defendant's failure timely to make the "up front" restitution payment of $65,000 was willful, and did not have sufficient information before it to make that determination, especially in light of the defendant's unchallenged claim that his remand had prevented him from obtaining the line of credit that would have allowed him to make the payment. We, therefore, vacate the sentence imposed upon the defendant, and remit the matter for a resentencing proceeding, at which the defendant is to be given an opportunity to withdraw his plea of guilty upon a showing that his failure timely to make the $65,000 "up front" restitution payment was not willful. Should the defendant fail to make such a showing or choose not to seek withdrawal of the plea, the court may reimpose a sentence that includes a term of imprisonment.

In light of our determination, we need not address the defendant's remaining contentions. Fisher, J.P., Covello, Dickerson and Lott, JJ., concur.