██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN J. BUTLER, Appellant. [894 NYS2d 307]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered October 26, 2007. The judgment convicted defendant, upon a jury verdict, of criminal mischief in the third degree, criminal contempt in the second degree, and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal mischief in the third degree (Penal Law § 145.05 [2]), criminal contempt in the second degree (§ 215.50), and endangering the welfare of a child (§ 260.10 [1]). The charges were the result of defendant's violation of a previously issued order of protection when defendant appeared at the residence of his former wife and threw a coffee table through her front window. Defendant contends that the evidence is legally insufficient to support the conviction of criminal mischief because the People failed to establish that the value of the damaged property exceeded $250. We reject that contention. The People presented the testimony of a witness who estimated that the cost of repairing the window was $1,024, and who testified that his estimate was based on his examination of the window and his 27 years of experience in repairing windows (*see People v Singleton*, 291 AD2d 869 [2002], *lv denied* 98 NY2d 640 [2002]; *People v Smeraldo*, 242 AD2d 886 [1997], *lv denied* 91 NY2d 880 [1997]; *People v Katovich*, 238 AD2d 751 [1997]). Also contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

" 'To the extent [that] defendant challenges the amount of the restitution order[ ] as lacking record support, [his] claim is not properly before this Court for review because [he] did not request a hearing to determine the [proper amount of restitution] or otherwise challenge the amount of the restitution order[ ] during the sentencing proceeding' " (*People v Peck*, 31 AD3d 1216, 1216-1217 [2006], *lv denied* 9 NY3d 992 [2007], quoting *People v Horne*, 97 NY2d 404, 414 n 3 [2002]).

Finally, the sentence is neither unduly harsh nor severe. Present—Smith, J.P., Fahey, Carni and Green, JJ.