Appeal by the defendant from a judgment of the County Court, Putnam County (Reitz, J.), rendered August 12, 2010, *806 convicting her of grand larceny in the second degree, upon her plea of guilty, and imposing an indeterminate term of imprisonment of 5 to 15 years, directing her to make restitution, and directing her to file a confession of judgment as a component of restitution.
Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, (1) by vacating the sentence imposed thereon, and (2) by vacating the requirement that the defendant file a confession of judgment as a component of restitution and vacating any confession of judgment that has been filed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Putnam County, for resentencing.
In January 2010, the defendant, a former attorney, pleaded guilty to grand larceny in the second degree in connection with the theft of the sum of $339,719.79 from the complainant’s attorney escrow account. The plea was entered upon a promise that the sentencing court would sentence the defendant to a term of probation of five years, and restitution in the sum of $339,719.79, with a down payment in the sum of $50,000 to be made upon sentencing, and the remainder to be paid over the course of approximately 12 weeks. During the plea proceeding, the defendant was warned that if she failed to make the $50,000 restitution down payment, the County Court would not be bound by its promise, and the defendant would face incarceration.
In August 2010, the defendant moved to withdraw her plea of guilty, contending, inter alia, that her plea was not knowingly and voluntarily entered because she had not been given a sufficient opportunity to determine whether she could, in fact, make the $50,000 restitution down payment upon sentencing. When the defendant appeared for sentencing on August 12, 2010, the County Court denied the defendant’s motion to withdraw her plea of guilty, noting that the defendant had failed to make the $50,000 restitution down payment. According to the prosecution, the defendant had only made restitution in the sum of $4,000. The defendant argued, inter alia, that after the plea, she learned that she was mistaken as to her ability to make the $50,000 restitution down payment. The County Court sentenced the defendant to an indeterminate term of imprisonment of 5 to 15 years, plus restitution in the sum of $335,719.79, and directed her to file a confession of judgment as a component of restitution. The defendant appeals.
Contrary to the defendant’s contention, the County Court did not improperly delegate the plea allocution to the prosecutor (see People v Bethune, 91 AD3d 966, 966-967 [2012]).
*807 A court may impose an enhanced sentence for a defendant’s failure to make restitution prior to the sentencing date, as specified in a plea agreement, if the failure to make the restitution was willful (see People v Hassman, 70 AD3d 716, 717 [2010]; People v Bassoff, 51 AD3d 682, 683 [2008]; People v Birch, 35 AD3d 1026 [2006]). However, where a defendant’s failure to pay the stipulated amount of restitution within the agreed time frame was not willful, and the defendant seeks to withdraw a plea of guilty rather than accept an enhanced sentence, the court must either extend the time for the payment of the restitution or grant the defendant’s application to withdraw the plea (see People v Hassman, 70 AD3d at 717-718; People v Almo, 300 AD2d 503, 504 [2002]).
“Willfulness may be found where the defendant is able to make the restitution as ordered by the court, but refuses to do so, or where the defendant fails to make sufficient bona fide efforts to obtain the resources that would allow compliance with the restitution order, or where, in the first instance, the defendant agreed to pay the restitution in order to obtain the benefits of a favorable plea, but knew at the time that he or she would very likely be unable to satisfy the obligation” (People v Hassman, 70 AD3d at 718; cf. Bearden v Georgia, 461 US 660, 667-668 [1983]; People v Amorosi, 96 NY2d 180, 184 [2001]).
Under the circumstances of this case, the County Court did not conduct an adequate inquiry into whether the defendant’s failure to timely make the restitution down payment in the sum of $50,000 was willful, and the court did not have sufficient information before it to make that determination (see People v Hassman, 70 AD3d at 717). Therefore, we must vacate the sentence imposed upon the defendant, and remit the matter to the County Court, Putnam County, for a resentencing proceeding at which the defendant is to be given an opportunity to withdraw her plea of guilty upon a showing that her failure to timely make the $50,000 restitution down payment was not willful. Should the defendant fail to make such a showing, or choose not to seek withdrawal of the plea, the County Court may reimpose a sentence that includes a term of imprisonment (see id. at 718).
In addition, the County Court erred in directing the defendant to file a confession of judgment as a component of restitution. “Statutory provisions applicable to the collection of restitution do not authorize the execution and filing of a confession of judgment as a condition of the sentence” (People v Harris, 72 AD3d 1110, 1113 [2010], citing CPL 420.10). Accordingly, we must modify the judgment also to delete the requirement that *808 the defendant file a confession of judgment, and vacate any confession of judgment which may have been filed pursuant to that directive (see CPL 470.15 [4] [c]).
The defendant further contends that she was deprived of the constitutional right to the effective assistance of counsel due to, among other things, the failure of assigned counsel to inform her, prior to the plea, that a restitution down payment would be required. Since the defendant’s claim of ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, she has presented a “ ‘mixed claim! ]’ of ineffective assistance” (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety.
In light of our determination, we need not address the defendant’s remaining contention. Rivera, J.E, Balkin, Leventhal and Chambers, JJ., concur.