# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

736
KA 11-02035
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

DAMITRIA S. JONES, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered September 8, 2011.  The judgment convicted defendant, upon a nonjury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting her after a nonjury trial of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that County Court erred in denying the motion to suppress her written statement as the fruit of unlawful pre-*Miranda* questioning.  Contrary to defendant's contention, the court properly refused to suppress statements that she made to the police inasmuch as "defendant was not in custody when [s]he made those statements and thus . . . the fact that [s]he had not been [administered *Miranda* warnings] when [s]he made the statements does not require their suppression" (*People v Semrau*, 77 AD3d 1436, 1437, *lv denied* 16 NY3d 746).

Contrary to defendant's further contention, the identification procedure was not unduly suggestive.  "[T]he subjects depicted in the photo array are sufficiently similar in appearance so that the viewer's attention is not drawn to any one photograph in such a way as to indicate that the police were urging a particular selection" (*People v Quinones*, 5 AD3d 1093, 1093, *lv denied* 3 NY3d 646), and the photographs used in the array did not "create a substantial likelihood that the defendant would be singled out for identification" (*People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833; *see People v Egan*, 6 AD3d 1203, 1204, *lv denied* 3 NY3d 639).

Viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we

further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Additionally, " '[h]aving considered the facts and circumstances of this case,' " we reject defendant's contention that the court abused its discretion in denying her youthful offender status (*People v Guppy*, 92 AD3d 1243, 1243, *lv denied* 19 NY3d 961; *see People v Potter*, 13 AD3d 1191, 1191, *lv denied* 4 NY3d 889; *see generally* CPL 720.20 [1] [a]). We decline to exercise our interest of justice jurisdiction to adjudicate defendant a youthful offender (*see generally People v Shrubsall*, 167 AD2d 929, 930-931).

Finally, defendant's contention that the court erred in ordering her to pay restitution without conducting a hearing is unpreserved for our review inasmuch as defendant did not "request a hearing to determine the [proper amount of restitution] or otherwise challenge the amount of restitution order[ed] during the sentencing proceeding" (*People v Butler*, 70 AD3d 1509, 1510, *lv denied* 14 NY3d 886 [internal quotation marks omitted]; *see People v Horne*, 97 NY2d 404, 414 n 3). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  July 19, 2013                          Frances E. Cafarell
                                                 Clerk of the Court