— Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered September 8, 2011. The judgment convicted defendant, upon a nonjury verdict, of assault in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her after a nonjury trial of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that County Court erred in denying the motion to suppress her written statement as the fruit of unlawful pre-Miranda questioning. Contrary to defendant’s contention, the court properly refused to suppress statements that she made to the police inasmuch as “defendant was not in custody when [s]he made those statements and thus . . . the fact that [s]he had not been [administered Miranda warnings] when [s]he made the statements does not require their suppression” (People v Semrau, 77 AD3d 1436, 1437 [2010], lv denied 16 NY3d 746 [2011]).
Contrary to defendant’s further contention, the identification procedure was not unduly suggestive. “[T]he subjects depicted in the photo array are sufficiently similar in appearance so that the viewer’s attention is not drawn to any one photograph in such a way as to indicate that the police were urging a particular selection” (People v Quinones, 5 AD3d 1093, 1093 [2004], lv *1207 denied 3 NY3d 646 [2004]), and the photographs used in the array did not “create a substantial likelihood that the defendant would be singled out for identification” (People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]; see People v Egan, 6 AD3d 1203, 1204 [2004], lv denied 3 NY3d 639 [2004]).
Viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Additionally, “ ‘[h]aving considered the facts and circumstances of this case,’ ” we reject defendant’s contention that the court abused its discretion in denying her youthful offender status (People v Guppy, 92 AD3d 1243, 1243 [2012], lv denied 19 NY3d 961 [2012]; see People v Potter, 13 AD3d 1191, 1191 [2004], lv denied 4 NY3d 889 [2005]; see generally CPL 720.20 [1] [a]). We decline to exercise our interest of justice jurisdiction to adjudicate defendant a youthful offender (see generally People v Shrubsall, 167 AD2d 929, 930-931 [1990]).
Finally, defendant’s contention that the court erred in ordering her to pay restitution without conducting a hearing is unpreserved for our review inasmuch as defendant did not “request a hearing to determine the [proper amount of restitution] or otherwise challenge the amount of restitution order[ed] during the sentencing proceeding” (People v Butler, 70 AD3d 1509, 1510 [2010], lv denied 14 NY3d 886 [2010] [internal quotation marks omitted]; see People v Horne, 97 NY2d 404, 414 n 3 [2002]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Present — Scudder, PJ., Centra, Fahey, Garni and Lindley, JJ.