# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

677
KA 12-00822
PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

REYNALDO D. MIRANDA, DEFENDANT-APPELLANT.

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.

REYNALDO D. MIRANDA, DEFENDANT-APPELLANT PRO SE.

DAVID W. FOLEY, DISTRICT ATTORNEY, MAYVILLE (LAURIE M. BECKERINK OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered March 19, 2012. The judgment convicted defendant, upon a jury verdict, of criminal mischief in the third degree (two counts), criminal mischief in the fourth degree, resisting arrest and unlawful fleeing a police officer in a motor vehicle in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of criminal mischief in the third degree (Penal Law § 145.05 [2]). The charges arose from an incident in which defendant led officers of the Fredonia and Dunkirk Police Departments on a highspeed car chase and then crashed his vehicle into a utility pole. Defendant was apprehended after fleeing the scene of the crash on foot, and he then damaged the windows of two police cars by kicking them after he was arrested and placed in one police vehicle and then in another. Defendant contends that the evidence is legally insufficient to support the conviction of both counts of criminal mischief because the People failed to establish with respect to each count that the property damage exceeded $250. We reject that contention. The People presented the testimony of a witness who repaired the damage to the Fredonia police car at a cost of $1,178.09, and who testified that his estimate was based on his 25 years of experience in auto collision work (*see People v Butler*, 70 AD3d 1509, 1509, *lv denied* 14 NY3d 886; *People v Detwiler*, 187 AD2d 973, 974, *lv denied* 81 NY2d 787). The People also presented the testimony of a mechanic employed by the city of Dunkirk, who repaired the damage to the Dunkirk police car with an existing part, and who

testified that he had previously purchased the part in his capacity as a city mechanic at a cost of $612.45 (*see Butler*, 70 AD3d at 1509; *see also People v Mu-Min*, 172 AD2d 1022, 1022, *lv denied* 78 NY2d 924). Moreover, viewing the evidence in light of the elements of the crime of criminal mischief in the third degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). We likewise reject defendant's challenge to the severity of the sentence.

Defendant's remaining contentions are raised in his pro se supplemental brief. Because, as we have determined, the conviction is supported by legally sufficient evidence at trial, defendant's contention concerning the alleged insufficiency of the evidence before the grand jury is not reviewable on appeal (*see* CPL 210.30 [6]; *People v Freeman*, 38 AD3d 1253, 1254, *lv denied* 9 NY3d 875, *reconsideration denied* 10 NY3d 811). Defendant's further contention that the grand jury proceeding was defective is unpreserved for our review (*see People v Shol*, 100 AD3d 1461, 1462, *lv denied* 20 NY3d 1103), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's contention that County Court erred in denying defendant's CPL 30.30 motion inasmuch as "the People declared their readiness for trial . . . well within the six-month limit" (*People v Sweet*, 98 AD3d 1252, 1253, *lv denied* 20 NY3d 1015). Also contrary to defendant's contention, he was not prejudiced by the People's failure to preserve his car or its broken taillight as evidence that the initial stop of his vehicle by the police was lawful (*see generally People v Bernard*, 100 AD3d 916, 917, *lv denied* 20 NY3d 1096). "Assuming, arguendo, that the police illegally attempted to stop defendant's vehicle in the first instance, any taint resulting from such a stop was dissipated by defendant's independent and calculated act of speeding away from the police, causing an accident and fleeing on foot" (*People v Dennis*, 31 AD3d 810, 811; *see People ex rel. Gonzalez v Warden of Anna M. Cross Ctr.*, 79 NY2d 892, 894-895).

We have considered defendant's remaining contentions in his pro se supplemental brief and conclude that none requires reversal or modification of the judgment.

Entered:  July 11, 2014                    Frances E. Cafarell
                                           Clerk of the Court