■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYAN HAINES, Appellant. [60 NYS3d 861]—

Rose, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered January 7, 2015, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant was arrested for unlawfully entering a residence and stealing approximately $7,000. After executing a waiver of indictment and a detailed, written waiver of appeal, defendant orally waived his right to appeal and pleaded guilty to burglary in the second degree as charged in a superior court information. The plea agreement provided that defendant would receive a prison sentence of 6½ years followed by five years of postrelease supervision. As part of the plea agreement, the People promised that if defendant made restitution in the amount of $2,000 prior to sentencing, they would recommend a prison sentence of five years followed by five years of postrelease supervision. Defendant failed to make any restitution payments and, consistent with the plea agreement, County Court imposed, among other things, a prison sentence of 6½ years followed by five years of postrelease supervision. Defendant now appeals.

We affirm. Defendant's due process claim that County Court should not have imposed the agreed-upon 6½-year prison term without first conducting an indigency hearing, as well as his claim that such sentence was harsh and excessive, are precluded by his unchallenged—and, in any event, valid—appeal waiver (see *People v Lyman*, 119 AD3d 968, 969-970 [2014], *lv denied* 27 NY3d 1153 [2016]; *People v Long*, 117 AD3d 1326, 1326-1327 [2014], *lv denied* 24 NY3d 1003 [2014]). Moreover, by not bringing his due process claim to the attention of the court at the time of sentencing or making a motion to withdraw his plea, defendant failed to preserve his claim for our review (see *People v Rushlow*, 137 AD3d 1482, 1483 [2016]; *People v Bassoff*, 51 AD3d 682, 683 [2008], *lv denied* 11 NY3d 734 [2008]).

Peters, P.J., McCarthy, Mulvey and Rumsey, JJ., concur. Ordered that the judgment is affirmed.