People v Patterson (2018 NY Slip Op 06291)





People v Patterson


2018 NY Slip Op 06291


Decided on September 27, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 27, 2018

108105

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JAMES PATTERSON, Appellant.

Calendar Date: August 6, 2018

Before: Egan Jr., J.P., Devine, Clark, Mulvey and Pritzker, JJ.


Janet K. Kealy, Hudson, for appellant.
Barbara D. Underwood, Attorney General, New York City (Jodi A. Danzig of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered November 13, 2015, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
In March 2015, a grand jury handed up a sealed 77-count indictment in connection with an alleged conspiracy to sell narcotics in Albany County and various other locations within and without the state. Defendant was charged in 11 of those counts with conspiracy in the second degree, criminal possession of a controlled substance in the third degree (eight counts) and criminal sale of a controlled substance in the third degree (two counts). In full satisfaction of that indictment, defendant ultimately agreed to plead guilty to the reduced charge of one count of attempted criminal sale of a controlled substance in the third degree with the understanding that he would be sentenced as a second felony offender to a prison term of 1½ years followed by 1½ years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Consistent with that agreement, defendant thereafter pleaded guilty to the reduced charge, and County Court imposed the promised term of imprisonment. Defendant now appeals.
Given defendant's unchallenged and concededly valid appeal waiver, his sole argument upon appeal — that the agreed-upon sentence imposed is harsh and excessive — is precluded (see People v Bennett, 159 AD3d 1189, 1189 [2018], lv denied 31 NY3d 1145 [2018]; People v Haines, 154 AD3d 1017, 1017 [2017]; People v Martin, 125 AD3d 1054, 1055 [2015], lv denied 26 NY3d 932 [2015]). Accordingly, the judgment of conviction is affirmed.
Egan Jr., J.P., Devine, Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.