People v Koch (2019 NY Slip Op 00463)





People v Koch


2019 NY Slip Op 00463


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-02816
 (Ind. No. 1450/14)

[*1]The People of the State of New York, respondent,
v
Joseph Koch, appellant.


Marianne Karas, Thornwood, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Judith R. Sternberg and Mary Faldich of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Helene F. Gugerty, J.), rendered November 10, 2016, convicting him of grand larceny in the second degree and scheme to defraud in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On October 5, 2015, the defendant entered a plea of guilty to grand larceny in the second degree and scheme to defraud in the first degree. As part of the plea agreement, the Supreme Court advised the defendant that he would receive an aggregate indeterminate term of imprisonment of 1&frac13; to 4 years, conditioned on his payment of restitution in the amount of $513,799.51 on or before a sentencing date of June 30, 2016. However, the defendant also was advised that if he failed to make full restitution, then he would receive, inter alia, a term of imprisonment of 3 to 9 years. After obtaining several adjournments of the sentencing date, and failing to make full restitution, the defendant was sentenced on November 10, 2016, among other things, to an aggregate indeterminate term of imprisonment of 3 to 9 years.
Contrary to the defendant's contention, the record of the plea proceeding establishes that he validly waived his right to appeal. The Supreme Court adequately advised the defendant of the nature of the right to appeal and distinguished it from other rights automatically forfeited as a consequence of pleading guilty, and the defendant knowingly, voluntarily, and intelligently waived that right (see People v Sanders, 25 NY3d 337, 339-342; People v Lopez, 6 NY3d 248, 256). The defendant's valid waiver of the right to appeal forecloses appellate review of his current contention that the sentence imposed was excessive (see People v Lococo, 92 NY2d 825, 827; People v Deprosperis, 132 AD3d 692, 693; People v Frazier, 127 AD3d 1229, 1230).
The defendant's valid waiver of his right to appeal also precludes review of his claim that he was deprived of the effective assistance of counsel except to the extent that the alleged ineffective assistance may have affected the voluntariness of his plea (see People v Dancy, 156 AD3d 717, 717-718; People v Upson, 134 AD3d 1058; People v Haywood, 122 AD3d 769, 769-770). Moreover, to that extent, the defendant's claim is without merit since the record demonstrates that trial counsel provided him with meaningful representation (see People v Caban, [*2]5 NY3d 143, 152; People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit (see People v Posner, 100 AD3d 805, 807; People v Hassman, 70 AD3d 716, 717-718; People v Bassoff, 51 AD3d 682, 683).
SCHEINKMAN, P.J., MASTRO, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court