People v Briggs (2019 NY Slip Op 00732)





People v Briggs


2019 NY Slip Op 00732


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


121 KA 16-01191

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH BRIGGS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered May 23, 2016. The judgment convicted defendant, upon his plea of guilty, of robbery in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the third degree (Penal Law
§ 160.05). As the People correctly concede, defendant did not validly waive his right to appeal because, although he signed a written appeal waiver form, County Court did not conduct an oral colloquy to ensure the voluntariness of that waiver (see People v Myers, 145 AD3d 1596, 1596-1597 [4th Dept 2016], affd 32 NY3d 18 [2018]). Defendant's challenges to the restitution order are unpreserved for appellate review, however, and we decline to address them as a matter of discretion in the interest of justice (see People v Patrick, 125 AD3d 1053, 1054 [3d Dept 2015], lv denied 25 NY3d 991 [2015]; People v Jones, 108 AD3d 1206, 1207 [4th Dept 2013], lv denied 22 NY3d 997 [2013]; see generally People v Horne, 97 NY2d 404, 414 n 3 [2002]). Contrary to defendant's contention, his particular challenges to the restitution order do not implicate the legality of his sentence (see People v Callahan, 80 NY2d 273, 281 [1992]). Moreover, in the absence of a request for a restitution hearing, the court's failure to conduct such a hearing does not constitute a mode of proceedings error (see Horne, 97 NY2d at 414 n 3; Callahan, 80 NY2d at 281; cf. People v Consalvo, 89 NY2d 140, 146 [1996]). Finally, defendant's contention that defense counsel was ineffective in failing to challenge the restitution order "cannot be resolved without reference to matter outside the record" and must therefore be raised pursuant to CPL
article 440 (People v Posner, 100 AD3d 805, 808 [2d Dept 2012]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court