People v Clark (2019 NY Slip Op 09154)





People v Clark


2019 NY Slip Op 09154


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


1132 KA 17-00976

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEVEN CLARK, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE WILD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Walter W. Hafner, Jr., A.J.), rendered March 6, 2017. The judgment convicted defendant upon his plea of guilty of burglary in the second degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of three counts of burglary in the second degree (Penal Law § 140.25 [2]). As the People correctly concede, defendant did not validly waive his right to appeal because County Court "conflated the appeal waiver with the rights automatically waived by the guilty plea . . . and thus the record fails to establish that defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Walker, 171 AD3d 1501, 1502 [4th Dept 2019], lv denied 33 NY3d 1074 [2019] [internal quotation marks omitted]; see generally People v Martinez, 166 AD3d 1558, 1558 [4th Dept 2018]).
Defendant's challenges to the restitution order are unpreserved for appellate review (see People v Briggs, 169 AD3d 1369, 1369-1370 [4th Dept 2019], lv denied 33 NY3d 974 [2019]; People v Sapetko, 158 AD3d 1315, 1315-1316 [4th Dept 2018], lv denied 31 NY3d 1017 [2018]; People v Jones, 108 AD3d 1206, 1207 [4th Dept 2013], lv denied 22 NY3d 997 [2013]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see Jones, 108 AD3d at 1207). Defendant's contention that defense counsel was ineffective for agreeing to the restitution amount and not raising an objection thereto " cannot be resolved without reference to matter outside the record' " and must therefore be raised in a motion pursuant to CPL article 440 (Briggs, 169 AD3d at 1370).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court