People v Coley (2022 NY Slip Op 06593)

People v Coley

2022 NY Slip Op 06593

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND WINSLOW, JJ.

814 KA 18-00863

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRY D. COLEY, DEFENDANT-APPELLANT. 

ERIC TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (SHIRLEY A. GORMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered October 16, 2017. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree (five counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of five counts of robbery in the second degree (Penal Law § 160.10 [2] [b]). Defendant's conviction stems from a string of armed robberies over a four-month period at two businesses located near each other. One of those businesses, a gas station, was robbed four times. The police supplied the gas station employees with a pack of money in which a GPS device was hidden. When the gas station was robbed the fourth time, the police used the GPS device to track the money to defendant's residence, which was located within a short distance of both businesses. A search of that residence uncovered not only the GPS device, but also a gun, ski masks, and clothing consistent with witnesses' descriptions of the gunman, who arrived and departed on foot from each robbery dressed entirely in black clothing, wore a ski mask that covered his face with holes for only his eyes and mouth, and brandished a "funny-looking" or rusty gun that he repeatedly cocked during commission of the crimes.
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Indeed, based upon our independent review of the evidence, we conclude, with respect to all counts, that a different verdict would have been unreasonable (see generally Bleakley, 69 NY2d at 495; People v Swinton, 87 AD3d 491, 493-494 [1st Dept 2011], lv denied 18 NY3d 862 [2011]).
Defendant's contention that Supreme Court erred in ordering him to pay restitution without a hearing is not preserved for our review inasmuch as defendant "did not request a hearing to determine the [proper amount of restitution] or otherwise challenge the amount of the restitution order during the sentencing proceeding" (People v Horne, 97 NY2d 404, 414 n 3 [2002]; see People v Jones, 108 AD3d 1206, 1207 [4th Dept 2013], lv denied 22 NY3d 997 [2013]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Defendant's further contention that defense counsel was ineffective in failing to challenge the restitution order " 'cannot be resolved without reference to matter outside the record' and must therefore be raised pursuant to CPL article 440" (People v Briggs, 169 AD3d 1369, 1370 [4th Dept 2019], lv denied 33 NY3d 974 [2019]; see People v Posner, 100 AD3d 805, 808 [2d Dept 2012]).
We further conclude that the sentence is not unduly harsh or severe. Finally, we have [*2]reviewed defendant's remaining contentions and conclude that they do not warrant reversal or modification of the judgment.
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court